## N. Y. SUPERIOR COURT.

N. MENDAL SHAFER, respondent agt. JAMES W. GUEST, appellant.

The statute of April, 1860 (*Sess. Laws* 1860, *ch.* 446, *p.* 771) only gives the keeper of a *boarding house* a *lien* upon and right to detain the baggage and effects of a boarder for the amount which may be *due by him*, to the same extent and in the same manner as inkeepers have them.

Thus limiting the lien to that for board *actually due*, and not including board to become due under an *agreement to board in future*.

Nor can the act be extended to *any other indebtedness*, nor to any demand not due at the time of the detention.

Where on the trial the defendant makes no request to submit a certain question of fact, upon which there is some evidence, to the jury; or to take objection to the insufficient proof of demand of personal property before suit brought, he cannot avail himself of such omissions upon appeal to the general term.

*General Term, November*, 1858.

*Before* ROBERTSON, *Chief Justice*, MONELL *and* GARVIN, *J. J.*

G. W. LORD, *for defendant, appellant.*

This action was brought to recover the possession of certain articles of household furniture, alleged to be wrongfully detained by the defendant.

The answer sets up two defenses:

*First.* That the defendant, at the time of the commencement of the action, had a lien on the furniture as a boarding house keeper.

*Second.* That the furniture was delivered to the defendant in April, 1866, under an agreement, by which he was to have possession of it until the 1st of May, 1867.

The plaintiff, Shafer, claims title to the furniture, under purchase from Miss Henrietta F. Merry, or Henrietta F. Osborn. Miss Merry and her sister boarded with the defendant Guest from the middle of May, 1866, down to the 16th of August, 1866.

On the 16th of August, Miss Merry left the house of the defendant (without notice to him that she intended to change her boarding place), having locked the doors of the rooms she had occupied, and taking the keys of the rooms with her.

On the 18th of August, two days after she left, she made a real or pretended sale to the plaintiff of the furniture in question, and delivered to him the keys of the rooms where the furniture then was.

A day or two after the sale to the plaintiff, he went to the house and demanded the furniture of Mrs. Guest, the wife of the defendant.

She declined to deliver it; and when she was asked if she had any claim upon it, she said " she did not know how that was, but it had to go through the law.

On the 21st or 22d of August this action was commenced. The sheriff then took and kept possession of the rooms for five or six days, and the defendant did not, &c., gain possession until the latter part of August, 1867.

On these facts we submit, on the part of the defendant and appellant—

*First.* That his honor, the justice who tried this cause, erred in directing the jury to find a verdict for the plaintiff; and that he should have directed a verdict for the defendant.

Boarding house keepers have now by law the same lien as inn keepers or hotel proprietors. (*Jones* agt. *Morrill,* 42 *Barb.* 623).

So long as Miss Merry permitted the furnitute to remain in the rooms of the defendant, and kept possession of the rooms by retaining the keys, so long the lien continued; and as the plaintiff did not tender the amount necessary to discharge the lean, or any amount, at the time he demanded possession, the lien shall continue. (*Jones* agt. *Morrill,* 42 *Bnrb.* 623.)

*Second.* The lien of a boarding house keeper is not con-

fined to *transient* guests.    (*Stewart* agt. *McCready*, 24 *How.* 62.)

Nor is he obliged to *assert his lien* when the property is demanded.    (*Everett* agt. *Coffin*, 6 *Wend.* 603.)

In this case Mrs. Guest did, in substance, claim a lien when the demand was made.

*Third.* As Mr. Guest came lawfully into the possession of the furniture, no action would lie *without a demand;* and a demand made upon the wife is not sufficient, without showing that the husband could not be found.

As to the second defense set up in the answer, the facts were as follows:

The defendant received the posession of the furniture from Mr. George Wood, in April, 1867, two weeks before Miss Merry came to board with him.

By the terms of the agreement (which were fully communicated to Miss Merry), he was to have the possession of it for one year.

Miss Merry knew that arrangements were being made by Mr. Wood for her board.

She was present a portion of the time when it was being talked over.

She gave Mr. Wood full power to act for her.

And the arrangement, as finally made, was fully communicated to her.

Besides all this, she found the furniture in Mr. Guest's house when she went there; it had been repaired, cleaned varnished and put in good order by the defendant, and she must have known that this was done under an agreement with Mr. Wood as her agent.

There was also the additional fact that Miss Merry *only* paid $16 *a week for the board of herself and sister*, they having the entire second floor of the house.

We submit that on this evidence the jury might have found that the defendant was entited to the possession of the furniture for one year; and if the jury might have found

Shafer agt. Guest.

that fact, then the court erred in directing a verdict for the plaintiff.

It is, therefore, respectfully submitted, on the part of the appellant, that both of the defenses set up in the answer were fully established by the evidence, and as there was no conflict of evidence, the court below should have directed a verdict for the defendant.

A. H. REAVEY, *for plaintiff, respondent.*

*First.* The answer alleged ownership of the property in Miss Osborn; and appellant's wife gave testimony that the property was not Miss Osborn's, but Mr. Wood's.

The defendant was bound by this answer, and could not adduce proof in contradiction without amendment of answer.

*Second.* The board was paid in full; there was nothing due; consequently, the defendant could acquire no lien.

There cannot be a lien *in presenti* for board that might be owing *in futuro.*

The *answer* does not allege there was to the extent of one cent owing for board, nor is there *any* testimony in the case showing *anything* due.

*Third.* The defendant was not, and did not claim to be, a *boarding house* keeper, and was not entitled to a *lien* under the statute, even though there was an amount due-for board.

There can be *no* lien for *use* or *occupation* of the premises.

*Fourth.* There being nothing due for *board,* and there not being any conflict of evidence, the plaintiff was entitled to a verdict.

*Fifth.* The property was demanded before the suit was brought.

*Sixth.* The judgment appealed from should be affirmed with costs.

ROBERTSON, Ch. J. I cannot find enough evidence in this case to have gone to the jury, upon the question of any

agreement by the former owner of the furniture in question (Miss Osborn) to allow the defendant the use of it for a year, which formed the last defense set up in the answer. It is very plain that such furniture was only to be employed in furnishing the rooms occupied by such owner, and therefore to remain constantly in her possession. The defendant expressly testified that he was to give such owner and her sister the second floor of his house, and that her agent (Wood) was to furnish it, which he did by means of such furniture. The submission of any such question to the jury would therefore have been improper.

The former owner of such furniture testified that, when she left the defendant's house, she owed him nothing for board of herself or sister, and his receipt was produced for board to the time of her leaving. There was, therefore, nothing due for which the defendant had any lien. Any liability under the agreement with the defendant, for damages, in not boarding, pursuant to it, would not be the subject of a lien, even if the special agreement did not altogether defeat one. (*Trust* agt. *Pirsson*, 1 *Hilt.* 292.)

If the defendant had been an innkeeper, he clearly could not have detained the furniture in question for mere non-performance of an agreement to board in future with him; and the statute of April, 1860 (*N. Y. Sess. Laws* 1860, *ch.* 446, *p.* 771), only gives the keeper of a boarding house a lien upon and right to detain the baggage and effects of a boarder for the amount which may be *due by him*, to the *same extent and in the same manner* as innkeepers have them. Thus limiting the lien to that for board *actually due*, and not including board to become due under an agreement to board in future.

There was, therefore, no question left for the jury to pass upon, and the instruction to find a verdict for the plaintiff was correct.

I am not prepared to say what would have been the rule, if the evidence had clearly established an agreement or a lien.

As the case stands, I concur in affirming the judgment and order appealed from.

MONELL, J. The defendant, upon his examination as a witness, testified that Miss Osborn was owing him "some" for washing, but not for board. Indeed, the evidence is uncontradicted that, at the time Miss Osborn left the defendant's house, she paid all that was due for board and use of rooms. There was not, therefore, a *present* indebtedness, which was essential to give a boarding house keeper's lien upon the property of his.guest. Even if the arrangement made with Wood, that Miss Osborn should board with the defendant for a year, and that he, Wood, would pay the rent, could have been enforced after Miss Osborn left, it would not have created a lien upon the property. The act which provides for the protection of boarding house keepers (*Laws of* 1860, *p.* 771) gives the lien upon the effects of the boarders for the amount *which may be due for board,* and it cannot be extended to any other indebtedness, nor to any demand not due at the time of the detention. (*Cross on Liens,* 43.)

I do not deem it necessary to look into that part of the case which relates to the second defense, namely, that the defendant claimed to hold the furniture under the agreement made with Wood.

The evidence on that branch of the case was such as in my judgment should have gone to the jury, especially as the uncontradicted testimony of the defendant established that the agreement was communicated and assented to by Miss Osborn, before she became a boarder in the defendant's house. But as no request was made at the trial to submit that or any other question of fact to the jury, it is too late to raise the objection now. (*Winchell* agt. *Hicks,* 18 *N. Y. R.* 558; *Clark* agt. *Mayor, &c.,* 24 *How. Pr. R.* 333.)

The proof of a demand before suit was, it seems to me, clearly insufficient. But as the objection was not taken at the trial, it cannot be raised now. It was one of those

objections which might have been obviated by proof; and the attention of the plaintiff should have been called to the defect in his evidence, that he might, with the permission of the court, have supplied it. (*Ryerss* agt. *Wheeler*, 4 *Hill*, 466; *N. Y. & E. R. R. Co.* agt. *Cook*, 2 *Sandf.* 732.)

I think the exception should be overruled, and judgment ordered for the plaintiff on the verdict.