## JONES *vs.* MORRILL.

In construing statutes, courts will give effect to the intention of the legisla-ture, if the words are not repugnant to such construction.

Since the act of April 16, 1860, " for the protection of boarding house keep-ers," the keeper of a boarding house has a lien for board, upon goods brought upon the premises by a boarder, to furnish his room,' although they in fact do not belong to the boarder, but to a stranger.

It was the intention of the legislature, by that act, to give boarding house keepers the same lien, in respect. to the effects of their boarders, as the common law gave to innkeepers, as to the goods of their guests.

APPEAL from a judgment of the city court of Brooklyn. The action was brought to recover the possession of per-sonal property, consisting of bed room furniture, books, &c. In his answer the defendant denied that he ever became pos-sessed of or detained from the plaintiff any of the articles mentioned in the complaint, except certain articles specified in the answer. And as to the other articles, he denied that the plaintiff ever demanded the same from him, or that he refused to permit her to take them, or any of them. And as to the articles enumerated, he alleged that the same were brought, together with other articles mentioned in the complaint, to his house by one Douglass Jones, a son of the plaintiff, who was a boarder in the boarding house of the defendant; that said Douglass Jones became indebted to the defendant for the board of himself and his wife, in the sum of $42; that the said Douglass Jones claimed to be the owner of all the prop-erty in the complaint mentioned, and had the same in his possession with the knowledge and consent of the plaintiff, and obtained credit thereon from the defendant. That the defendant claimed to have a lien thereon for such indebted-ness, whereupon the plaintiff claimed to be the owner of such property. And that thereupon it was, in consideration of the matters aforesaid, agreed in writing by and between the plaintiff and defendant, that the defendant should hold such articles as are described in the answer, as security for such indebtedness, and might after the expiration of four

months, if such indebtedness was not sooner satisfied, sell the same and satisfy such indebtedness out of the proceeds of such sale, returning the surplus, if any, to the plaintiff.

The cause was tried before the city judge without a jury; and the judge found the following facts: That shortly before the commencement of this action and prior to January 4, 1864, the defendant was possessed of the goods and chattels mentioned and described in the complaint, which goods and chattels were the property of the plaintiff, and are of the value of $75, and which goods and chattels the plaintiff, while the defendant so had possession thereof, and before the said 4th of January, 1864, duly demanded of the defendant to deliver to her, which demand the defendant refused to comply with, and refused to deliver the same except as to such portion of such goods and chattels as are not enumerated in the writing or agreement hereinafter set forth. That while the defendant was so possessed of said goods and chattels, and on or about said 4th day of January, 1864, the plaintiff and defendant executed and signed a writing or agreement in the following words and figures, to wit: "It is agreed between Ruth Jones, of the city of Brooklyn and John Morrill of the same place, that he shall retain in his possession certain articles that he now holds for the board of Douglass Jones and his wife, which amount is forty-two dollars, besides the costs in this case. The following goods are to be retained: One bureau, &c. [enumerating the articles.] It is hereby further agreed by Mrs. Jones, that John Morrill shall retain full and peaceable possession of the above named goods for the term of four months from the date of this agreement; that if the above named sum be paid by that date, said Morrill is to deliver back to Mrs. Jones all the above named articles; if not, then the said Morrill shall have the goods sold at public auction, and retain from the proceeds thereof the amount of his claim, together with costs of the sale and of the drawing of this agreement, and return the overplus to Mrs. Jones. Dated January 4, 1864. (Signed) Ruth

Jones *v.* Morrill.

Jones, John Morrill." That no consideration was paid to or received by the plaintiff for such writing or agreement; that the articles enumerated in said writing or agreement, are a portion of the same articles and chattels specified in the complaint, and are of the value of $60. That after said 4th day of January, 1864, and after the execution of said writing or agreement, and before the commencement of this action, the plaintiff duly demanded of the defendant to deliver to her the goods and chattels mentioned and described in said writing or agreement, and at the same time repudiated and attempted to cancel said writing or agreement, which demand the defendant refused to comply with, and refused to deliver the same to the plaintiff. That the said goods and chattels were, about the first day of November, 1863, taken by Douglass Jones, a son of the plaintiff, to the boarding house of the defendant. That said D. Jones at that time became a boarder in such house, and claimed to be the owner of them, and used them as his own. That the plaintiff immediately after the goods were taken to the defendant's house, had knowledge that they were so taken and used by her son. That such taking was without her knowledge or consent; that she objected to the same, and disagreed with her son about it, when she discovered the fact. That the said D. Jones became indebted to the defendant for board, and the defendant claimed to hold said goods therefor, and to have a lien on the same. That the plaintiff thereupon first asserted to the defendant her claim thereto. That the said agreement or writing was thereupon executed between the parties.

The judge found as conclusions of law: 1. That such writing or agreement was without any consideration, and was void for want of consideration, and was operative only as a license to the defendant to retain the property therein described, and as such, destroyed the effect of the previous demand, and rendered a new or second demand necessary.

2. That the plaintiff on making the new or second demand

as proved, was entitled to the delivery to her by the defendant of the goods and chattels specified in such writing or agreement.

3. That the plaintiff was entitled to judgment for the delivery to her by the defendant, and for the possession, of the articles described in the writing or agreement aforesaid, the value of which was determined to be $60.

The defendant appealed from the judgment.

*J. L. Campbell,* for the appellant.

*Geo H. Fisher,* for the respondent.

*By the Court,* J. F. BARNARD, J.   By the act of the legislature passed in 1860, "for the protection of boarding housekeepers" (*Sess. Laws of* 1860, *ch.* 446,) it is enacted : "The keeper of a boarding house shall have the same lien upon, and right to detain, the baggage and effects of any boarder, for the amount which may be due for board by such boarder, to the same extent and in the same manner, as innkeepers have such lien and such right of detention." The right of lien of the keeper of an inn is settled at common law, and is based upon sound reasons. He was compelled to receive the guest, and to pay for all property lost or stolen while the guest remained, and nothing excused him from this liability but the act of God, or the public enemy. On account of this extraordinary liability, the law gave the innkeeper a lien upon the goods of his guest, for the satisfaction of his reasonable charges. This lien extended to property brought by the guest and not owned by him. If A. injuriously take away the horse of B. and put him into an inn to be kept, and B. come and demand him, he shall not have him until he hath satisfied the innkeeper for his meat. (*Bacon's Abr. Inns and Innkeepers, tit. D.*) "And that is good law to this day, if the innkeeper have no notice of the wrong, and act honestly." (*Connell* v. *Cooke,* 3 *Hill,* 485.) If the defend-

ant had been an innkeeper, therefore, he would have been entitled to a lien on these goods in question, as against his guest; although they in fact did not belong to the guest but to a stranger.

In construing statutes, courts will give effect to the intention of the legislature, if the words are not repugnant to such construction. This is a remedial statute. It is for "The relief of boarding house keepers." Innkeepers have no lien upon the property of a regular boarder. To restrict this statute so as to give only such lien as innkeepers have against boarders is to destroy it. They have none. The legislature intended to say, and I think have plainly said, that such a lien as the common law gives to innkeepers, as to their guests' goods, was to be given by legislative action to boarding house keepers, as to the effects of their boarders.

The defendant has a lien upon the goods in question. They were brought by the boarder upon his premises to furnish his room, and the defendant was the boarding house keeper.

The judgment must be reversed, and a new trial granted; costs to abide the event.

