Requa *v.* Bulkley.

---

## New York Common Pleas.

*General Term—February,* 1872.

## MARY ANN REQUA *against* WILLIAM BULKLEY.

Objections which might have been obviated upon the trial must be raised there, or they are waived. They cannot be raised for the first time upon appeal.[*]

Inability, through sickness, to fulfill a contract for personal services, excuses further performance, and the party may recover as upon a *quantum meruit*, for the services rendered up to the time he is disabled. This is upon the familiar principle that the performance of a condition is excused, when it is prevented by the law, or by the act of God.

But where a party contracts to do a thing which is possible at the time the contract is made, he is not excused from the contract by a

---

[*] See 1 *N. Y.* 92; 3 *Sandf.* 399; 4 *Id.* 109; 4 *E. D. Smith*, 473; 3 *Id.* 310; 1 *Hilt.* 61, 72, 531, 537.

Requa *v.* Bulkley.

contingency thereafter arriving, which deprives him of all the benefit contemplated by the contract, because it is his own fault that he did not expressly provide against such contingencies.

DALY, Ch. J.—The point upon which the appellant mainly relies, that the plaintiff had not posted up in her house the notice provided for in the statute of 1867 (*Laws of* 1867, c. 677), has been decided adversely to the appellant in the case of Fowler *v.* Hart, decided at the present term.*

But it is not necessary to dispose of this case upon that ground. This objection was not raised at all in the court below, and for all that we know, the plaintiff may have had such a notice posted up, and have been able to prove it upon the trial, if this technical objection had been made to her right to recover for a breach of the contract to pay for the room and board up to June 1. As a general rule, a party should make his objection to the plaintiff's right to recover upon the trial, that an appeal and the expense consequent upon it may be avoided, if the objection is a good one; and if it is one that might have been overcome by giving additional proof, it is not available upon an appeal from the judgment (Jackson *v.* Christman, 4 *Wend.* at page 283; People *v.* Holmes, 5 *Id.* 191; Fake *v.* Smith, 7 *Abb. Pr. N. S.* 119).

The plaintiff testified that there was an express contract to engage the rooms from November 1 to June 1, following, at $70 a week; and the defendant that the engagement was conditional; that he agreed to remain until May 1, if all things suited, or it agreed with the young lady. The point in difference between them was therefore for the justice. He has upon that point found against the defendant; and being upon conflict-

---

* This case decided that the act referred to did not apply to a boarding-house keeper who made a special agreement, fixing the rate to be charged at the time board was engaged.

ing evidence, his decision is final, and cannot be reviewed.

The fact, assuming it to be that the physician thought that it would be better for the health of Miss Bulkley for her and her mother to remove from the plaintiff's house in Twenty-third street and go to some other place in the centre of the city, would not discharge the defendant from an express agreement to take the rooms with board at $70 a week, from November 1 to May 1 ensuing. It was held in Wolfe *v.* Howes (20 *N. Y.* 197), that inability through sickness to fulfill a contract for personal services would excuse further performance, and that the party might recover, as upon a *quantum meruit*, for the services he had rendered up to the time when he was disabled by sickness. The condition was regarded as relieved by the familiar principle, that the performance of a condition is excused when it is prevented by the law, or by the act of God. *Lex non cogit ad impossibilia;* and this being the case, the plaintiff was allowed to recover a reasonable compensation for what he had done, the defendant having received actual benefit from his services. But that is by no means this case, which comes within a different rule—that where a party expressly contracts to do a thing which was possible at the time, he is not excused from the contract by a contingency thereafter arising which deprives him of all the enjoyment or benefit contemplated by the contract, because it is his own fault that he did not expressly provide against contingencies, and exempt himself from responsibility in view of the possible happening of certain events (Hadley *v.* Clark, 8 *T. R.* 267; Paradine *v.* Jane, *Aleyn,* 3d resolve, 27; Atkinson *v.* Ritchie, 10 *East,* 530; Touteng *v.* Hubbard, 3 *B. & P.* 301, 302; Beswick *v.* Swindells, 3 *A. & El.* 868; Gilpins *v.* Consequa, 1 *Pet. C. Ct.* 91; *Story on Contracts,* §§ 634, 975; *Chitty on Contracts,* 5 Am. ed. 734, 735.)

Requa *v.* Bulkley.

Here the defendant engaged the rooms with board in the expectation that a change from Rochester to New York would be beneficial· to the health of ·Miss Bulkley. This expectation might prove to be unfounded, either from the unsuitableness of New York or of this particular locality, and he should have provided in the contract for such a contingency by reserving the right to give up the rooms if the change should not be beneficial. He testified that he did, but upon that point the justice has found against him, and there was evidence tending to show that the dissatisfaction of Mrs. Bulkley and her daughter with their apartments, and which led them to change them, proceeded from other causes than the insalubrity of ·the plaintiff's house in Twenty-third street, or the effect of the locality upon Miss Bulkley's health.

The judgment should therefore be affirmed.

ROBINSON and J. F. DALY, JJ., concurred.

### Boarding-house keepers.

*Posting list of charges.* The act against fraud on and by innkeepers, &c. (2 *L.* 1867, p. ·1727, c. 677), amended by omitting boarding-houses and restaurants from the requirement of posting list of charges (2 *L.* 1871, p. 1821, c. 802).

### Lien.

Boarding-house keepers have the same lien upon baggage and effects of a boarder, for the amount due, as an innkeeper (*L.* 1860, p. 771, c. 446).

### Extent of lien.

The lien extends to all goods brought upon the premises by a boarder to furnish his rooms, although they do not, in fact, belong to the boarder, but to a stranger. The legislature intended to give such a lien as the common law gives to innkeepers (Jones *v.* Morrill, 42 *Barb.* 623).

The wife's goods, for certain reasons, cannot be detained for board owing by her husband (McIlvane *v.* Hilton, 7 *Hun,* 594).

Nor can the goods of any one be detained for board to grow due in the future, or for óther indebtedness (Shafer *v.* Guest, 35 *How. Pr.* 184; S. C., 6 *Robt.* 264).

**What houses are within the act.**

The act only applies to those who make a business, in whole or in part, of keeping boarders (Cady *v.* McDowell, 1 *Lans.* 484).

**What guests.**

The lien exists in reference to permanent as well as transient boarders (Stewart *v.* McCready, 24 *How. Pr.* 62).