DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1876.

---

## MARIA V. McILVANE, Respondent, v. MRS. S. A. HILTON, Appellant.

*Married woman — separate personal effects of — boarding-house keeper's lien — Chapter 446, Laws of 1860.*

The plaintiff, a married woman, resided with and was supported by her husband, and her separate property, such as wearing apparel, was sought to be detained by the defendant, a boarding-house keeper, with whom she boarded with her husband, under a contract made by him with the defendant for the board of himself and wife.

*Held*, that chapter 446, Laws of 1860, for the protection of boarding-house keepers, confers upon them no greater rights than inn-keepers possessed at common law.

That the common law did not, nor does this act, where the guest is received under a contract to furnish board for himself and wife who accompanies him, give to an inn-keeper a lien upon her effects, brought on the premises by her, on the faith of such contract.

That her husband became liable for her board by special contract with the defendant; she incurred no liability, and as nothing was due from her the defendant had no right to detain her goods for the debt of her husband.

Appeal from a judgment of the County Court of the county of Kings, in favor of the plaintiff and against the defendant, a married woman, that the plaintiff have and retain possession of her personal property delivered to her by the sheriff in this action of

replevin, and recover six cents damages, with $113.05 costs. The defendant's husband made a contract with the plaintiff for the board of himself and wife. The defendant held and detained the property of the wife, claiming to have a lien thereon for an amount due from her husband for such board. The plaintiff brought this action of replevin and obtained possession of the property.

*N. F. Waring*, for the appellant.

*Anthony Barrett*, for the respondent.

GILBERT, J.:

The only question in the case is, whether the statute for the protection of boarding-house keepers (Laws 1860, chap. 446), gives a lien upon the separate property of the wife of a boarder, who engaged board for himself and his family, and we are of opinion that it does not. Taking the language of the statute in its ordinary sense, it is only the baggage and effects of the boarder that are affected by the lien, and the lien is given only for the amount which may be due for board by such boarder. For the purposes of this statute the effects which the boarder brings with him to the boarding-house are to be deemed his effects, although they in fact belong to another, if the boarding-house keeper has no notice of the latter fact. That was the rule of the common law with respect to inn-keepers, and a reasonable construction of the statute makes the same rule applicable to keepers of boarding-houses. (*Jones* v. *Morrill*, 42 Barb., 623.) Not so, however, where the guest was received under a contract that the inn-keeper should furnish lodgings, or board, or both to him and others who accompanied him, and for whom he undertook to provide, *e. g.*, relatives, servants or workmen, and who brought their own effects on his premises on the faith of such contract. The lien no doubt might be excluded by special contract between the parties, and a contract made by A. with an inn-keeper to pay for the board of B. would necessarily exclude any lien on the goods of B. (Cross on Liens, 40), for no lien could exist unless the guest had become liable to the inn-keeper.

The statute cited confers upon boarding-house keepers no greater rights than inn-keepers possessed at common law.

In the case before us, the effects on which the lien is claimed consisted of the wearing apparel of the plaintiff, and formed a part of her separate property. Her husband alone became liable for her board by special contract with the defendant. She incurred no liability.

We think, therefore, that as nothing was due from her to the defendant, the latter had no right to detain her goods for the debt of her husband.

The judgment must be affirmed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment of County Court affirmed, with costs and disbursements.