FELIX K. MISCH, Respondent, *against* GRACE A. O'HARA, Appellant.

(Decided December 6th, 1880.)

The act of 1860 for the protection of boarding-house keepers (L. 1860, c. 446),—giving to boarding-house keepers the same lien for board upon the goods of boarders which an innkeeper has upon the goods of a guest, —applies to cases of special contracts for board at a fixed rate by the week or month, although an innkeeper would, under such circumstances, have no lien.

APPEAL from a judgment of a district court in the city of New York.

This was an action of claim and delivery for goods of the plaintiff, detained by the defendant under a claim of a lien thereon, for board. The facts are stated in the opinion. Upon the trial the justice rendered judgment for the plaintiff. From the judgment the defendant appealed.

VAN HOESEN, J.—Misch boarded with O'Hara, who was a boarding-house keeper, and owed her for three weeks' board, when she demanded his room, and requested him to leave her house. When he departed she detained his trunk, claiming that she had a lien upon it for board which he owed.

Misch then brought this action of claim and delivery, and the defendant, in her answer, set up that she held the property by virtue of her lien as a boarding-house keeper, for the board which the plaintiff owed her.

The justice gave judgment for the plaintiff, and said that the statute of 1860, which gave boarding-house keepers a lien, provided merely that a boarding-house keeper should have a lien to the same extent and in the same manner as an innkeeper, and that an innkeeper would not, under the facts proven in this case, have a lien, for the reason that the plaintiff and the defendant made a special contract for board and lodging; and as an innkeeper would not have a lien, the defendant, as a boarding-house keeper, could not have one either.

In this the justice erred. The statute is open to criticism, it is true; and construed according to its letter, would defeat the intention of the legislature, and warrant the decision which the justice made in this case. As it is a remedial statute, however, the inclination of the courts has uniformly been so to construe it as "to meet the beneficial end in view, and prevent a failure of the remedy" (1 Kent's Comm. marg. p. 465).

The letter of the act has been enlarged, and it has been uniformly decided that wherever an innkeeper would have a lien upon the goods of a transient guest, there the boarding-house keeper should have a lien upon the goods of a boarder (*Stewart* v. *McCready*, 24 How. Pr. 62; *Jones* v. *Morrill*, 42 Barb. 623; *Cady* v. *McDowell*, 1 Lans. 484, 487; *Shafer* v. *Guest*, 5 Robt. 264; Edwards on Bills, 2 ed. §§ 476, 477).

A boarding-house keeper cannot, however, since the act of 1876, acquire a lien upon the goods of a third party brought into the house by a boarder.

The judgment should be reversed.

CHALES P. DALY, Ch. J.—I concur. It has been held in the cases cited by Judge VAN HOESEN, that the intent of the statute was to give a boarding-house keeper the lien which an innkeeper has upon the effects of his guest, without reference to the question whether the guest was a transient one or a boarder

by the week or month, at a rate agreed upon or fixed. The ruling of the justice, therefore, was erroneous.

J. F. DALY, J., concurred.

Judgment reversed.