JONES COCHRANE, Appellant, *against* ALFRED SCHRYVER, Respondent.

(Decided June 25th, 1883.)

Defendant let out rooms in the upper part of a building to lodgers, whom he did not supply with meals; but he leased the basement of the building to another person who kept a restaurant there as an independent establishment, to which a doorway gave access from the lodging rooms. *Held*, that defendant was not an innkeeper, and therefore not entitled to a lien as such upon property of persons to whom he let rooms; and that, as the keeper of a lodging house, he was not entitled to such a lien, mere lodging house keepers having no lien upon the effects of lodgers either at common law or under the statutes of this state.

APPEAL from a judgment of a district court in the city of New York.

The facts are stated in the opinion.

*J. Cochrane*, for appellant.

*Hudspeth & Liliendahl*, for respondent.

CHARLES P. DALY, Chief Justice. — The conclusion of the judge that the defendant was not an innkeeper was correct. He merely kept a lodging house, in which no provision was made by him for supplying the lodgers with meals, and such house is not an inn (*Cromwell* v. *Stephens*, 2 Daly 15), as an inn furnishes both food and lodgings to the

guests. There was a restaurant kept in the basement of the house, between which and the upper part of the building there was a doorway to facilitate access from the lodging rooms to the restaurant; but this did not make the part of the house where the defendant let out rooms an inn, nor the defendant, in respect to that portion of the house, an innkeeper; for he had leased the basement to another person, who carried on the restaurant there as an independent establishment, with the management and direction of which the defendant had nothing to do.

It is not even as strong a case as *Parkhurst* v. *Foster* (1 Salk. 387), for there the plaintiff, who kept a lodging house, furnished dressed meat and ale at a fixed price to the inmates of rooms, and also found stable room and hay for their horses, and this was held not to be an inn, because it was not a place where any one came and was entertained upon application, as in an inn, but where the inmates lodged upon a private contract; and for the same reason it was held in *Dansey* v. *Richardson* (3 El. & Bl. 144), that a boarding house is not an inn, as the receiving of the boarder is under a voluntary contract, whereas the innkeeper, in the absence of any reasonable or lawful excuse, is bound to receive any guest when he presents himself; and it is not in his power, as in the case of a boarding house or lodging house keeper, to elect whom he will or whom he will not receive.

In *Carpenter* v. *Taylor* (1 Hilt. 193), it was held that a restaurant was not an inn, although in the upper part of the building the keeper of the restaurant carried on the business of an innkeeper, the court holding that his liability for that part of his premises was not to be extended to the restaurant kept by him below.

In *Kopper* v. *Willis* (9 Daly 460), it was held that where there were lodging rooms and a restaurant in the same building, they must both be under the same management and direction to make them unitedly an inn and the proprietor an innkeeper.

All that appeared in this case was that the defendant, in

the upper part of the building, let out rooms to lodgers. He had therefore no lien upon the baggage, furniture or effects of the persons to whom he let the rooms. The property upon which he claimed a lien was not in his possession, but in the possession of the plaintiff as the occupant of the room, and if it had been lost or stolen he would not have been responsible, as an innkeeper, for its loss. He had no lien as a bailee; for the possession of the room and what was in it was in the plaintiff; and the lien of bailees is recognized only when the law makes it their duty to receive property and carry or store it, as in the case of carriers, wharfingers, warehousemen, &c., or where something is done by the bailee to the property which improves it, as in the case of a tailor, who, by his labor and skill, makes the cloth delivered to him into a garment; even the agister of cattle, or the keeper of a livery stable, though he keeps the animals and furnishes them with food, it has been held, has no lien for their keep (*Bissell* v. *Pearce*, 28 N. Y. 252; *Chaplain* v. *Allen*, C. R. 271; *Judson* v. *Etheridge*, 1 Crompt. & M. 743); and one who voluntarily takes goods into his custody, but who is under no obligation or duty to do so, as in the case of an innkeeper or warehouseman, has no lien for the safe keeping of the goods, unless an agreement to that effect was made (*Rivara* v. *Ghio*, 3 E. D. Smith 268; *Alt* v. *Weidenberg*, 6 Bosw. 176; *Roberts* v. *Kain*, 6 Robt. 354). It is plain, therefore, from these cases, that one who merely lets out rooms to lodgers had, at the common law, no lien upon the effects which the lodger had in the room. Boarding house keepers are given a lien by statute (L. 1860, 446; L. 1869, 738).

In the act of 1879 (L. 1879, c. 530), lodging house keepers are enumerated among those who, if they have a lien for fare, accommodation or board, may foreclose it by a sale of the property at the time and in the manner therein provided. It is a general act for the protection of hotel keepers, innkeepers, lodging house keepers and boarding house keepers, and would seem to imply a legislative recognition of the existence of the lien of a lodging house keeper, but what

the nature of the lien is does not appear by the act. Lodging house keepers had no lien at the common law; none had been given to them by any previous statute which, as in the case of boarding house keepers, gave a lien, expressing for what it was given and to what it would attach. Thus, in the act in relation to boarding house keepers, of 1860, it is declared that they shall have the same lien upon and right to detain the baggage of any boarder for the amount which may be due for board by such boarder, to the same extent and in the same manner as innkeepers have such lien and such right of detention. But nothing of that kind is contained in the act of 1879 or in any previous act, so that the question must be regarded as remaining the same as it was at common law, that mere lodging house keepers have no lien upon the effects of the lodger.

The judgment should therefore be affirmed.

BEACH, J., concurred.

Judgment affirmed.