## CORBETT *v.* CUSHING.

*(Common Pleas of New York City and County, General Term. April 1, 1889.)*

1. LIENS—PRIORITY.

The plaintiff sold certain property partly on credit, and took a chattel mortgage for the unpaid purchase money. Afterwards the vendee gave a writing by which she transferred all her interest in the property to the defendant as security for the payment of a board bill due the latter. The defendant had no notice of the mortgage given to plaintiff, which was not recorded until after the execution of the writing to defendant, and after the indebtedness for which she claimed a lien was contracted. *Held*, that the lien of the defendant as a boarding-house keeper took precedence over that of the plaintiff.

2. SAME—WAIVER.

The fact that when plaintiff demanded possession of the property from the defendant, the latter did not assert her lien as a boarding-house keeper, did not constitute a waiver of such lien, especially as she did not give any other reason why she refused to deliver the property to plaintiff.

Appeal from Eighth district court.

Action by Otis Corbett against Maria J. Cushing. Judgment was given for defendant, and plaintiff appeals.

Argued before VAN HOESEN and BOOKSTAVER, JJ.

*Edward S. Clinch*, for appellant. *Walton C. Dupignac*, for respondent.

PER CURIAM. The action was brought for the claim and delivery of certain furniture sold by the plaintiff to the defendant Green about May 1, 1888, partly on credit. In July, 1888, Mrs. Green executed a chattel mortgage on this furniture to Miss Harmon, but, as far as the testimony discloses, without consideration therefor. About the same time, and on the 19th of July, 1888, Mrs. Green and Miss Harmon moved to the defendant Cushing's house, with the furniture. Here they continued until about the 1st of November, 1888, at which time the defendant Green was indebted to the defendant Cushing for board in the sum of $114.50.

The justice has found, and we think there is ample evidence to sustain his finding, that the defendant Cushing, during all this time, kept a boarding-house, and that the defendant Green boarded with her, and that the furniture in question was in defendant Cushing's possession at the time this action was commenced. He has also found that on or about the 16th day of October, 1888, the defendant Green and Miss Harmon gave a paper writing to the defendant Cushing, by which they pledged or transferred all their rights, title, and interest in and to this furniture as security for the payment of the board then due to the defendant Cushing by the defendant Green, and that the reason why Miss Harmon united in executing this paper was to subordinate any claims she might have under the mortgage aforesaid to the lien of the defendant Cushing for board. He has also found that on or about the 4th of October, 1888, the defendant Green gave a chattel mortgage to the plaintiff on the furniture in question for the balance of the consideration remaining unpaid, which amounted to the sum of $99.30, and that this mortgage was given without the knowledge of the defendant Cushing. He has also found that the mortgage was not filed until the first of November, 1888. On the last-named day the plaintiff demanded the furniture from the defendant Cushing, who refused to deliver the same, but did not specifically state any grounds for her refusal, nor did she at that time specifically assert her lien upon it as a boarding-house keeper. This being a statutory lien, we do not think it

was necessary for her so to do at that time, especially as she did not give any other reason or special ground why she refused to deliver the property to the plaintiff. The chattel mortgage given the plaintiff by the defendant Green, not having been recorded until after all the indebtedness claimed by the defendant Cushing in this action accrued, was not a valid lien upon the furniture as against the defendant Cushing's claim under the boarding-house keepers' act. It follows, therefore, that the justice was right in giving judgment in favor of the defendant Cushing under her lien as a boarding-house keeper.

It was claimed on the argument that the judgment was entered in favor of both the defendants, and that as the defendant Green had failed to appear or answer in the action this was error. The return does not sustain this contention. The justice throughout the case seems to have regarded Mrs. Cushing as the only defendant before him, and according to the return awarded judgment in her favor only, although through inadvertence he made a mistake in regard to her sex. If through error the judgment has been entered in favor of both the defendants, Cushing and Green, for the return of the property to both, this should be corrected by amending the judgment *nunc pro tunc* so as to make it in favor of the defendant Cushing only, and in that event there should be no costs of the appeal to either party. But if it is entered in favor of the defendant Cushing only, as appears by the return, then the respondent should have costs of this appeal.