ADRIAN VAN LAAR, Plaintiff, *v.* ADELE MARCHESINI, Defendant.

(Municipal Court of the City of New York, First District, May, 1919.)

Liens — when boarding-house keeper has no lien upon chattels — inns and innkeepers — replevin — constitutional law — Lien Law, § 181.

> Under section 181 of the Lien Law, a boarding-house keeper has no lien upon chattels which, though brought on the premises by a boarder, are owned by a third person.
>
> The granting of such a lien would be such an interference with the property rights of the owner of the chattels as to come within the prohibition of the Constitution against depriving a person of his property without due process of law.

ACTION of replevin.

A. Spotswood Campbell, for plaintiff.

Hirson & Bertini, for defendant.

COLEMAN, J. The main question presented in this case is whether a boarding-house keeper has a lien upon chattels brought on the premises by a boarder, but owned by a third party.

Plaintiff was the owner of certain furniture, which he loaned to one Von Hochenberg, with the understanding that the latter would use it for about a month

in a certain apartment, and would then store it for plaintiff's benefit. Von Hochenberg used·it as agreed for about a month, and thereafter, instead of storing it, engaged board in defendant's boarding-house and brought the furniture there with him for his personal use, without notifying defendant that it did not belong to him. After remaining for several weeks he departed from defendant's establishment without paying his bill, but leaving behind him plaintiff's furniture. The latter now brings this action in replevin to recover a portion of the chattels upon which defendant claims a lien to secure the payment of Von Hochenberg's unpaid bill.

At common law an innkeeper under these circumstances would have had a lien on the plaintiff's chattels, but a boarding-house keeper would not. *Cochrane* v. *Schryver,* 12 Daly, 174; *McIlvane* v. *Hilton,* 7 Hun, 594; *Grinnell* v. *Cook,* 3 Hill, 485. The Lien Law, however, in section 181, provides: ''A keeper of a hotel, apartment hotel, inn, boarding house or lodging house, except an emigrant lodging house, has a lien upon, while in possession, and may detain the baggage and other property brought upon his premises by a guest, boarder or lodger, for the proper charges due from him, on account of his accommodation, board and lodging, and such extras as are furnished at his request. If the keeper of such hotel, apartment hotel, inn, boarding or lodging house knew that the property brought upon his premises was not, when brought, legally in possession of such guest, boarder or lodger, or had notice that such property was not then the property of such guest, boarder or lodger, a lien thereon does not exist. An apartment hotel within the meaning of this section includes a hotel wherein apartments are rented for fixed periods of time, either furnished or unfurnished, to the occupants of which the

keeper of such hotel supplies food, if required. A guest of an apartment hotel, within the meaning of this section, includes each and every person who is a member of the family of the tenant of an apartment therein, and for whose support such tenant is legally liable.''

The Appellate Term, in *Barnett* v. *Walker,* 39 Misc. Rep. 323, held that this provision of the statute, then contained in section 71, should be construed to make the lien of either an innkeeper or a boarding-house keeper superior only to the property rights of the guest or boarder in the chattels which he had brought. In other words, the court there held that the rights of a third party in the chattels were not intended by the statute to be subordinated to the lien of either an innkeeper or a boarding-house keeper. This view, however, was not adopted by the Court of Appeals in *Waters & Co.* v. *Gerard,* 189 N. Y. 302, where it was held that the intention of the statute was to grant a lien to an innkeeper superior even to the rights of a third party. In that case, furthermore, the Court of Appeals held the statute to be constitutional as applied to an innkeeper, but the reasoning shows plainly that the decision would have been otherwise if the lien had been a boarding-house keeper's. The court recognized that the granting of a lien was such an interference with the property rights of the owner of the chattel as to come within the prohibition of the Constitution against depriving a person of his property without due process of law. The court, however, held that at common law, before the adoption of our Constitution, an innkeeper had had such lien over the goods of a third party brought to his inn by a guest and that therefore a confirmation of such rights in a statute was not unconstitutional.

This reason, of course, could not apply to a board-

ing-house keeper's lien, and it would logically follow that a statute attempting to give such lien over the goods of a third party is unconstitutional. Nor is it at all unreasonable to draw this distinction between an innkeeper's lien and a boarding-house keeper's lien. As pointed out in *Waters & Co.* v. *Gerard, supra,* the basis for an innkeeper's lien is the extraordinary obligation that he is subjected to, not only in the safeguarding of his guest's goods, but also in his duty to accept any proper person who applies for entertainment. The court said: " The extraordinary liability and the lien are concurrent and go hand in hand and together make up the rule founded on public policy." This liability still persists for innkeepers, and it is not unreasonable to continue for them their common-law compensatory lien. A boarding-house keeper, however, is under no such obligation, and before the statute had no lien. To extend that lien to the goods of a third person, who was in no way a party to the transaction between the boarding-house keeper and his boarder would be depriving the owner of property without due process of law, and would be unconstitutional.

The cases of *Corbett* v. *Cushing,* 4 N. Y. Supp. 616, and *Leonard* v. *Harris,* 147 App. Div. 458, are not inconsistent with these views, because in those cases the decisions were based upon the provisions of the recording acts. The decision in *Jones* v. *Morrill,* 42 Barb. 623, is inconsistent with the holding in this case, but it does not appear that there the constitutionality of the statute was specifically raised.

Judgment must therefore be entered for plaintiff as demanded in the complaint.

Judgment for plaintiff.