[No. 18794. Department One. January 9, 1925.]

LAURA ALLEN, *Respondent,* v. MARY K. GRIFFIN *et al.,* *Defendants,* STANDARD FURNITURE COMPANY, *Appellant.*[1]

LANDLORD AND TENANT (120)—LIEN FOR RENT—PRIORITIES—STATUTES—CONSTRUCTION. Rem. Comp. Stat., § 1203-1, giving a landlord's lien for rent upon the personal property of the tenant kept and used on the rented premises, which shall be paramount to all other liens except . . . mortgages or conditional sales recorded prior to the tenancy, has no application as against the seller of property to the tenant under a conditional sales contract reserving the title to the property sold; the act referring only to conditional sales given by the tenant (PEMBERTON, J., dissenting).

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 22, 1923, upon findings in favor of the plaintiff, in an action upon a landlord's lien for rent, tried to the court. Reversed.

*Fred C. Campbell,* for appellant.
*Allen & Griffith,* for respondent.

BRIDGES, J.—The plaintiff was the owner of a business block in Seattle, and Mary K. Griffin was the tenant of one of the storerooms, operating therein a merchandise business. During her tenancy, she agreed to purchase from the Standard Furniture Company some linoleum to be, and which was, laid on the floor of the storeroom. This was sold to her under the terms

[1]Reported in 232 Pac. 363.

of a duly executed and filed conditional sales contract, providing for future payments, for possession in the purchaser, and for reservation of title in the vendor. The tenant did not pay her rent, nor did she make the deferred payments on the conditional sales contract. The plaintiff claims a landlord's lien on the linoleum, and the controversy· here is between her and the Standard Furniture Company. The trial court established the plaintiff's lien as superior to the rights of the defendant under the conditional sales contract, and this appeal resulted.

Section 1203-1, Rem. Comp. Stat. [P. C. § 9677], reads as follows:

"Any person to whom rent may be due, his executors, administrators, or assigns shall have a lien for such rent which is paramount to, and has preference over, all other liens except liens for taxes, general and special liens of labor and mortgages or conditional bills of sale duly recorded prior to tenancy upon personal property of the tenant which has been used or kept on the rented premises, except property of third persons delivered to or left with the tenant for storage, repair, manufacture or sale, and such property exempt from taxation by the laws of the state of Washington. Such liens shall not be for more than two months' rent due or to become due, nor for any rent or installment thereof which has been due for more than two months; that no writing or recording shall be necessary to create such lien; and if such property be removed from the rented premises and not returned to the owner, agent, executor, administrator, or assign said lien shall continue and be a superior lien on the property so removed for ten days from the date of its removal, and said lien may be enforced against the property wherever found. In the event the property contained in the rented premises be destroyed by fire or other elements, the lien shall extend to any money that may be received by the tenants as indemnity for the destruction of such property, nor shall the lien be lost by the sale of the said property, except merchandise sold in

the usual course of trade or to purchasers without notice of the tenancy. The provisions of this act shall not apply to, nor shall it be enforced against, the property of tenants in dwelling houses or apartments or any other place that is used exclusively as a home or residence of the tenant and his family.''

The whole controversy in this court is over the construction to be given this statute, particularly the words ''conditional bills of sale duly recorded prior to tenancy.'' Appellant's argument is that, under this statute, the landlord has a lien only on the personal property of the tenant, and that it does not contemplate a lien on the property of third persons. The respondent's theory—which seems to have met with the favor of the trial court—is that it was the intention of the statute, under some circumstances, to give a landlord a lien upon the property of third persons, and particularly under circumstances such as exist here.

Apparently this statute is with reference to business property only; at any rate, it does not apply to property in dwelling houses or apartments, or other places used as a home of the tenant.

Many cases are cited from other states construing landlords' lien statutes, but we have not been pointed to any legislation, nor have our researches found any, which is at all like our own. Ours is so radically different from all others that we can receive but little, if any, help from the decisions of other states.

This statute resists construction with great tenacity. Evidently it means that the landlord shall have a lien on the personal property of the tenant which has been used or kept on the rented premises, and that such lien shall be paramount to all other liens except ''mortgages and conditional bills of sale'' properly filed before the commencement of the tenancy, but shall not be a lien on the property of third persons which is left

with the tenant for storage, repair, manufacture or sale and that the lien shall not be lost because of any sale of the property covered thereby except merchandise sold in the usual course of trade or to persons without notice of the tenancy.

The courts should be slow to construe a legislative act of this character as giving a lien upon the property of third persons where the landlord has actual or constructive notice of such ownership, because of the unusual character thereof, and also because of the doubtful constitutionality of such legislation. *Van Laar v. Marchesini,* 107 Misc. Rep. 186, 175 N. Y. Supp. 456; *McClain v. Williams,* 11 S. D. 227, 76 N. W. 930, 74 Am. St. 791, 49 L. R. A. 610.

It might be said that the legislature had in mind that a conditional sale vested title to the property in the vendee, and that the contract was in the nature of a chattel mortgage. This construction would be consistent with the main idea expressed in the act that the lien is given on the personal property of the tenant. It is probable that the legislature could lawfully enact that a conditional sale would have the effect of vesting the title in the purchaser. But this court has consistently held that such a sale does not vest any title in the vendee and is not in any sense a mortgage. *Winton Motor Carriage Co. v. Broadway Automobile Co.,* 65 Wash. 650, 118 Pac. 817, 37 L. R. A. (N. S.) 71; *Peterson v. Chess,* 92 Wash. 682, 159 Pac. 894; *Barbour v. Hodge,* 99 Wash. 578, 170 Pac. 115. We would not be justified in holding that the legislature has intended to overrule the holdings of this court and a long settled business policy, unless the intent so to do is clearly expressed in words or made to appear by necessary inferences to be drawn therefrom. We are, therefore, of the opinion that the legislature did not mean to enact that a conditional sale, evidenced by an instrument in

writing, duly executed and filed, had the effect of vesting the title in the purchaser.

It is more probable that the legislature had in mind conditional sales made by the tenant and not those made by third persons to the tenant. This clause so construed would be in harmony with the central idea of the act, which is that the landlord has a lien upon property belonging to the tenant and also in harmony with the provisions with reference to mortgages, because they of course would be given by the tenant and not some third person, and also in harmony with all other previous legislation.

We are disposed to construe this clause as though it read "conditional bills of sale given by the tenant." The construction contended for by the respondent would deprive the conditional sales vendor of his property notwithstanding he has fully complied with the conditional sales act. Section 3790, Rem. Comp. Stat. [P. C. § 9767]. Indeed, such a construction would have the effect of making a conditional sales contract, duly executed and filed, reserve the title in the vendor as to every person except a landlord. It is hardly to be conceived that the legislature intended any such result.

Whether the clause in this statute to the effect that the landlord's lien shall be good "except as to property of third persons delivered to or left with the tenant for storage, repair, manufacture or sale," should be construed as giving a lien on the property of third persons left with the tenant for purposes other than those expressed, we need not here decide further than to hold that it does not, in any event, cover property sold under conditional sale contract which has been executed and filed as the conditional sales statute provides.

Our conclusion is that the respondent has no lien on the linoleum in question which is superior to the rights

of the appellant, and that if she have any lien at all it is only on such rights as the tenant has in the property by virtue of the conditional sale contract.

The judgment is reversed and the case remanded for proceedings in accordance herewith.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.

PEMBERTON, J. (dissenting)—I dissent.    The language of the statute that the lien for rent has "preference over all other liens except liens for taxes, general and special liens of labor and *mortgages or conditional bills of sale duly recorded prior to tenancy upon personal property of the tenant* which has been used or kept on the rented premises, *except property of third persons delivered to or left with the tenant for storage, repair, manufacture or sale, and such property exempt from taxation* by the laws of the state of Washington," is clear, plain and unambiguous.

The construction given by the majority opinion "that the legislature had in mind conditional sales made by the tenant and not those made by third persons to the tenant" renders the statute meaningless.  There would be no reason for a conditional bill of sale to be given from a tenant to a third person unless the property were in the possession of the third person.  If the property were in the possession of a third person it would not be subject to the lien for the rent under any conditions whether the conditional bill of sale were recorded prior to the tenancy or not.  The construction of the statute by the majority opinion holding that such a conditional bill of sale given by a tenant to a third person would not be subject to the lien for rent if recorded prior to the tenancy is for no purpose because it would not be subject to such lien claim whether recorded or not.

The judgment of the trial court should be affirmed.