## NEW YORK COMMON PLEAS.

### Stewart agt. McCready.

The intent of the statute of 1860, (*Sess. Laws*, 771,) giving to the keeper of a *boarding house* a *lien* to the extent of the board due, is, to give them the same lien which an *inn-keeper* has upon the effects of a guest, without reference to the character of the guests, whether they are *transient* or *permanent boarders*.

*New York General Term, August*, 1861.

By the court, DALY, F. J.   A boarding-house keeper, as contradistinguished from the keeper of an inn, should, in the sense of this statute, be regarded as one who furnishes accommodation for a definite period, as by the week or month, at a rate of compensation agreed upon. A guest, as distinguished from a boarder, is bound for no stipulated time. He stops at the inn for as short or as long time as he pleases, paying, while he remains, the customary charge. While he occupies the position of a guest, the inn-keeper has a lien upon his effects, and may detain them until he is paid for the accommodation which has been furnished; but if he and the inn-keeper enter into a special agreement for

any fixed period, at a stipulated price, he ceases to be a guest, and becomes a boarder. The inn-keeper relies upon the special agreement, and has no longer a lien upon the effects. In modern times, and especially in cities, the practice has become very general of furnishing accommodation by the week or by the month, at a fixed rate, or as the parties may agree, and the persons who furnish accommodation in this way are distinguished as keepers of boarding-houses. Before the passage of this statute this class, now a very numerous one, had no lien upon the effects of the persons to whom they supplied entertainment, and it was evidently the intent of this statute to give them the same lien which an inn-keeper has upon the effects of a guest. The words, " to the same extent and in the same manner as inn-keepers have such a lien and such right of detention," was intended rather to indicate the general nature and character of the lien, than to specify any particular case or class of cases in which a boarding-house keeper might have a lien. If we did not so construe the statute, then it would have no meaning at all, and in interpreting a statute we must assume that the legislature intended something by the passage of the act.

HILTON, J., dissented.

BRADY, J. The act of 1860 (*Sess. Laws*, 771) gives to the keeper of a boarding-house a lien to the extent of the board due. It provides that such keeper shall have the right to detain the baggage of " any boarder," and discards all distinction between transient and permanent guests, and further confirms this privilege by giving such lien for the amount " which may be due for board by such boarder," without reference to the manner in which, or the time for which, the board became due. This right is not qualified by the declaration which follows, that the lien is to the " same extent, and in the same manner as inn-keepers have such lien and such right of detention." These words apply to the character of the lien, and the extent and mode of

exercising it. They designate the lien which the keeper has for the sum due, viz., the same lien as an inn-keeper, when he has any lien at all. This statute was drawn, doubtless, with reference to the rule applicable to inn-keepers in these cases; but the law-maker was either mistaken about the rule, or has been unfortunate enough to present an act which is obscure, and which it requires some reflection to understand. I think, however, that it becomes clear, as a matter of construction and intention, that the lien given to the boarding-house keepers is without reference to the character of the guests, and that it makes no difference whether they are transient or not.

The judgment should be reversed.