PEOPLE ex rel. SMITH v. GILON, Collector.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

TAXATION—STATUTES—SCOPE.

    Laws 1900, c. 621, § 1, provides that any tax theretofore levied for ward, city, town, county, or state purposes, and all water rates or rents, in arrears at the time of the passage of the act in the town of F., may be paid at any time before a certain date, with interest thereon at 2 per cent. per annum. Section 2 declares that land within the town of F., theretofore sold for unpaid taxes, water rates or rents, for ward, city, town, county, or state purposes, may be redeemed by payment of the face of the taxes and water rates or rents for which sold, with interest thereon at 2 per cent. per annum. *Held,* that such act does not apply to taxes levied for village and school purposes.

Appeal from special term, Queens county.

Petition by the people, on the relation of H. Dewitt Smith, for a peremptory writ of mandamus requiring Edward Gilon, collector of assessments and arrears of the city of New York, to accept a certain tender in full payment of certain taxes. From an order granting such writ, such collector appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and SEWELL, JJ.

George S. Coleman, for appellant.

Clinton T. Roe, for respondent.

SEWELL, J. The petition alleges that the premises of the relator were assessed for taxes by the village of Whitestone, town of Flushing, county of Queens, for the years 1895, 1896, and 1897, and were taxed for school purposes in the years 1896 and 1897; that the premises were sold by the village in December, 1897, for the taxes levied

72 N.Y.S.—66

by the village for the year 1895; that they have not been redeemed; that the taxes have not been paid, and are a lien against the property. The petition also alleges that on December 25, 1900, the relator tendered to the appellant the sum of $329.50 in full payment and discharge of the taxes so levied, and that the tender was refused on the ground that it was insufficient, the appellant claiming that the amount should include interest at the rate of 12 per cent. per annum and the expense of the sale. The relator claims that he was only required to pay the face of the tax, with interest at the rate of 2 per centum per annum. This claim of the relator is founded upon chapter 621 of the Laws of 1900, which is a combination of several special statutes relating to the arrears of taxes in Queens county. The first section of the act provides that:

"Any tax heretofore and before the first day of January, eighteen hundred and ninety-eight, levied for ward, city, town, county or state purposes, and all water rates or rents, in arrears at the time of the passage of this act, in that part of the city of New York which heretofore and before the first day of January, eighteen hundred and ninety-eight, formed and constituted the city of Long Island City and the towns of Newtown, Flushing, Jamaica and that part of the town of Hempstead now within the boundaries of the city of New York, in the county of Queens, may be paid and discharged of record at any time before the thirtieth day of September, nineteen hundred, with interest thereon at the rate of two per centum per annum."

Section 2 provides that:

"Any lot, piece or parcel of land within the boundaries of that part of the city of New York, constituting the city of Long Island City, and the towns of Newtown, Flushing, Jamaica and that part of the town of Hempstead, now within the boundaries of the city of New York, in the county of Queens, prior to the first day of January, eighteen hundred and ninety-eight, which has been heretofore sold for unpaid taxes, water rates or rents, for ward, city, town, county or state purposes, where the same was bid in in the name of said city of Long Island City, town of Newtown, town of Flushing, town of Jamaica or town of Hempstead, and where the certificates of sale have not been assigned at the date of the passage of this act, may be redeemed from such sale and sales on or before the thirty-first day of December nineteen hundred, by the payment of the face of the tax or taxes and water rates or rents for which the same were sold with interest thereon, at two per centum per annum, and such taxes and water rates or rents shall be thereby satisfied and discharged of record: provided such payment be made on or prior to the date last aforesaid."

There is no provision for the payment of village or school taxes at a reduced rate of interest, or for redemption from village tax sales, in chapter 621 of the Laws of 1900, and no such provision was contained in either of the statutes merged in it. The single question presented upon this appeal is, therefore, whether this act applies to taxes levied for village and school purposes. It is contended that in the enactment of this statute the legislature did not intend what it said, and that it should be read so as to include taxes levied for village and school purposes. It is perhaps a sufficient answer to this argument to say that, if it had been within the legislative purpose that village and school taxes remaining unpaid should be discharged by the payment of the face of the tax with interest at the rate of 2 per cent. per annum, it would in some manner have been so indicated in the statute. "In construing statutes it is a well-established rule that resort must be had to the natural signification of the words em-

ployed; and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction, and courts have no right to add to or take away from that meaning." Tompkins v. Hunter, 149 N. Y. 117, 43 N. E. 532.

In Re Miller's Estate, 110 N. Y. 216, 18 N. E. 139, it was contended that the reason and equity of a statute brought within its operation certain parties not mentioned in it, and the court said:

"If that be so, it constitutes no reason for controlling its language, although it might seem that the legislature would have provided for such a case had their attention been directed to it."

Again, in Johnson v. Railroad Co., 49 N. Y. 455, it was said:

"Where the language is definite, and has a precise meaning, it must be presumed to declare the intent of the legislature, and it is not allowable to go elsewhere in search of conjecture to restrict or extend the meaning. * * * The provision here is clear and precise, and courts cannot go beyond or outside of it under pretext of interpretation to cure any supposed blunder of the legislature."

The language of the statute in question is free from ambiguity and doubt. There is nothing in it or in its apparent purpose to warrant the conclusion that the legislature intended to provide for the payment of village and school taxes at a reduced rate of interest, or for the redemption from village tax sale.

We are unable to see any force in the contention that the legislature did not intend their language to be literally followed for the reason that such a construction would not give the property owner an opportunity to pay up arrears of all kinds at the same rate of interest. Absolute equality in laying the burden of taxation is impossible of attainment. In performing the duty of laying taxes for the support of the government, state legislatures may, in the exercise of undoubted power, impose double taxes, and lay burdens beyond the financial capacity of the class taxed; and, however impolitic or unwise such a course would be, the courts have no right to interfere with the exercise of the legislative discretion. People v. Mayor, etc., of City of Brooklyn, 4 N. Y. 419, 55 Am. Dec. 266; Bank v. Brown, 26 N. Y. 467; Gordon v. Cornes, 47 N. Y. 608. If the legislature designed that all taxes should be discharged by the payment of the face of the tax, with interest at the rate of 2 per cent., they should have said so. It is not for courts to disregard the plain words of the statute in order to take a particular case out of its operation upon some supposed view of policy not indicated in the act itself. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073. Any attempted construction of an act purporting to be based upon the intention of the legislature which departs from the words and language employed is mere speculation, and must necessarily vary as much as the opinion of different minds as to what the law should have been.

Our conclusion is that the village and school taxes are not within the letter or spirit of chapter 621 of the Laws of 1900, and therefore the order appealed from should be reversed, with costs.

Order reversed, and writ dismissed, with $10 costs and disbursements. All concur.