### HORACE WATERS & CO. v. GERARD.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. INNKEEPERS—PROPERTY SUBJECT TO LIEN.

  A hotel keeper, who receives a guest and furnishes her board and lodging from day to day without any special contract as to the time or the price to be paid, is entitled to enforce an innkeeper's lien on a piano brought into the hotel by the guest, though the piano was bought by the guest on credit under a contract stipulating that the title was to remain in the seller until the price was paid, and though the guest left the hotel after having leased rooms therein for a definite period at a definite rental, and without having paid for the piano.

  [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Innkeepers, § 44.]

2. SAME—CONSTITUTIONAL LAW.

  The common-law lien of an innkeeper is not repugnant to any provisions of the Constitution of New York, by the adoption of which the common law of England was declared to be the law of the state.

3. SAME—PROPERTY FOR USE OF GUEST—PRESUMPTION.

  One furnishing property for the use of a guest in a hotel is presumed to do so with a knowledge of the law which gives to an innkeeper a lien on property brought by the guest into the hotel.

  O'Brien, P. J., and Patterson, J., dissenting.

Controversy between Horace Waters & Co., plaintiff, and Caroline B. Gerard, defendant, submitted under Code Civ. Proc. § 1279. Judgment in favor of defendant.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Frederick H. Sanborn, for plaintiff.
Willard N. Baylis, for defendant.

INGRAHAM, J.   The facts upon which this question is submitted are as follows:   The plaintiff, a domestic corporation, engaged in the manufacture and sale of pianos, on March 13, 1899, delivered to one Adelaide V. Carlisle, at the defendant's hotel, a certain piano belonging to the plaintiff, under a conditional contract of sale, by the terms of which the title remained in the plaintiff until payment in full of $250, the agreed price therefor, in monthly payments of $10 each.   Said contract provided that in case of failure of said Adelaide V. Carlisle to make any payment when due it should at once terminate, and the plaintiff become entitled to the immediate possession of the piano; that on and prior to August 23, 1898, the defendant was the lessee and proprietor of a hotel for public entertainment known as "The Gerard," located on West Forty-Fourth street, in the city of New York, and on that day the said Adelaide V. Carlisle became a guest at said hotel, and so remained until March 15, 1899, during such period receiving food and lodging as a guest without any express agreement as to the period of entertainment or amount to be paid therefor; that on March 15, 1899, said Adelaide V. Carlisle owed to said defendant for accommodation, board, lodging, and extras furnished at her request from day to day between August 23, 1898, and March 15, 1899, inclusive, the sum of $161.24, a part of which had accrued on March 13, 14, and 15, 1899; that on March 15, 1899, said Adelaide V. Carlisle took a lease of certain apartments in said hotel for one year from that date, and thereupon occupied the same until June 25, 1899, taking her meals from time to time, without agreement as to price, in the restaurant which was in the defendant's hotel; that on June 25, 1899, said Adelaide V. Carlisle left said hotel, owing to the defendant the sum of $330.85, $161.24 having accrued on and prior to March 15, 1899, as aforesaid, and the balance being due for rent under said lease and food and incidentals furnished in the defendant's restaurant between March 15, 1899, and June 25, 1899; that said Adelaide V. Carlisle defaulted in her contract with the plaintiff by failing to pay the sum to be paid monthly on account of the purchase price after June 13, 1899, and thereupon notified the plaintiff that she surrendered said instrument, as provided by her contract with the plaintiff, and requested plaintiff to call for and remove it; that on the 26th day of July, 1899, the plaintiff sent its agents to remove said piano, but the defendant refused to permit its removal, claiming a lien thereon as hotel and boarding house keeper for the unpaid bills aforesaid incurred by said Adelaide V. Carlisle, and detained said piano, and has never since delivered it up to the plain-

tiff; that on the 27th day of July, 1899, the plaintiff made formal
demand on the defendant for the piano, which the defendant re-
fused, claiming a right to retain the same under the said lien, and
the defendant never knew that the said Adelaide V. Carlisle was
not the real owner of the piano, or that the plaintiff had or claimed
any rights or ownership therein until demand was made therefor.
It was further agreed that the amount of damage sustained by the
plaintiff for the refusal to deliver the piano was $50, and the plain-
tiff demands judgment for that amount, with costs, and the defend-
ant demands judgment dismissing the plaintiff's alleged cause of
action, with costs.

Upon this submission the plaintiff is only entitled to judgment in
the event that the defendant was not entitled to retain the piano at
the time possession thereof was demanded; and, if the defendant
had a lien thereon for any amount, she was entitled to retain it
until that lien was discharged.   Under the facts stated the relation
between the defendant and Adelaide V. Carlisle was prior to March
15, 1899, that of innkeeper and guest.   It is expressly admitted that
the defendant was the lessee and proprietor of a hotel for public
entertainment, and that the said Adelaide V. Carlisle came to said
hotel as a guest, and so remained until March 15, 1899, upon that
day owing to the defendant for accommodation, board, lodging, and
extras furnished at her request from day to day the sum of $161.24,
a part of which sum had accrued on March 13th, 14th, and 15th.
Such being the relation, the defendant was entitled at common
law to a lien upon the baggage and other property of the guest and
brought by her into the hotel; and, irrespective of the statute, the
defendant was entitled to detain any property brought into her ho-
tel by a guest as security for the payment of an amount due by the
guest for lodging and supplies furnished.   This lien was given to
an innkeeper by the common law of England, which became a part
of the law of this state upon its separation from England.   By the
adoption of the Constitution of this state the common law of Eng-
land as then existing was declared to be the law of this state, and
the right of an innkeeper to a lien upon the property of the guest
brought to the hotel has ever since been a part of the law of this
state.   It is not inconsistent with any provisions of the Constitu-
tion, for there is nothing that requires any one to deliver to a guest
in a hotel any property for the use of the guest, and any one fur-
nishing such a guest with property is presumed to do so with a
knowledge of the law which gives to an innkeeper a lien upon the
property brought by a guest into the hotel, and a person thus fur-
nishing a guest with property for his use in the hotel voluntarily
submits that property to a lien in favor of the innkeeper for any
amount for which the guest is indebted to the innkeeper.   When
this piano was delivered by the plaintiff to a guest at the defend-
ant's hotel, that guest was indebted to the defendant on account of
supplies furnished therein as an innkeeper to the person to whom
the plaintiff delivered the piano.   Subsequent to the delivery of the
piano, and while the relation of innkeeper and guest continued, a
further indebtedness was incurred, and, whatever may be said as to

the right of the defendant to retain the property as security for an
amount that subsequently accrued, the defendant had a lien upon
the property brought by the guest to the hotel for the amount of
the indebtedness of the guest to the defendant which accrued be-
tween the 13th of March, 1899, and the 15th day of March, 1899,
when the guest hired an apartment in the hotel for a specified time.
It is not necessary for us now to determine the constitutionality
of section 71 of the lien law (chapter 418, p. 532, Laws 1897, as
amended by chapter 380, p. 834, Laws 1899), giving to keeper of
a boarding or lodging house an innkeeper's lien upon the baggage
and other property brought by a guest to the boarding or lodging
house; as we think that the innkeeper's lien at common law be-
came, and has always remained, a part of the common law of this
state, that it is not in violation of any provision of the Constitution,
and that the defendant was entitled to retain this piano as security
for the amount due on March 15, 1899.

It follows that the defendant is entitled to judgment, with costs.

McLAUGHLIN and HATCH, JJ., concur.

O'BRIEN, P. J. (dissenting). The amount for which the lien
was claimed included an indebtedness under a written lease, and the
first criticism to be made of the defendant's position is that, having
asserted a lien for a greater amount than she was entitled to re-
ceive, and having demanded that sum as a condition of returning
the piano to its true owner, her lien, being thus vitiated in part,
became vitiated in whole. If we pass this over, and take the view
that she had a claim as an innkeeper for the board of Mrs. Carlisle
for part of the amount claimed, and that this was not waived by
demanding more, the question still remains whether she is entitled
to retain the piano by virtue of her supposed lien. It is conceded
that Mrs. Carlisle did not own the piano, and could make no trans-
fer of it, nor give away rights under it or liens upon it so as to
affect the plaintiff's title. The defendant therefore must support
her claim under section 71 of the lien law (Laws 1897, p. 532, c. 418,
as amended by Laws 1899, p. 834, c. 380). That section provides
as follows:

"A keeper of a hotel, boarding house or lodging house, except an emigrant
lodging house, has a lien upon, while in possession, and may detain the bag-
gage and other property brought upon their premises by a guest, boarder or
lodger, for the proper charges due from him, on account of his accommoda-
tion, board and lodging, and such extras as are furnished at his request. If
the keeper of such hotel, inn, boarding or lodging house knew that the prop-
erty brought upon his premises was not, when brought, legally in possession
of such guest, boarder or lodger, or had notice that such property was not
then the property of such guest, boarder or lodger, a lien thereon does not ex-
ist."

A boarding house is not, in common parlance or in legal meaning,
every private house where one or more boarders are kept occasion-
ally only, and upon special considerations; but it is a quasi public
house, where boarders are generally and habitually kept, and which

is held out and known as a place of entertainment of that kind. Cady v. McDowell, 1 Lans. 486. A boarding house is not an inn; the distinction being that a boarder is received into a house by a voluntary contract, whereas an innkeeper, in the absence of any reasonable or lawful excuse, is bound to receive a guest when he presents himself. The distinction between a boarding house and an inn is that in a boarding house the boarder is under an express contract, at a certain rate, for a certain period of time; while in an inn there is no express agreement, the guest, being on his way, is entertained from day to day, according to his business, upon an implied contract. Willard v. Reinhardt, 2 E. D. Smith, 148. If a guest and the innkeeper enter into a special agreement for any fixed period at a stipulated price, he ceases to be a guest, and becomes a boarder. Stewart v. McCready, 24 How. Prac. 62.

Apart from the question as to whether the Gerard was an inn or boarding house, entitled to the benefit of section 17 of the lien law, I think that, if that law is to be construed so as to deprive the plaintiff, who is the true owner, of its property, to that extent it is unconstitutional. The question as to whether or not a boarding house keeper has a lien upon or right to detain property no title to which is in the boarder was directly presented in the case of Barnett v. Walker, 39 Misc. Rep. 323, 79 N. Y. Supp. 859. That was an action to recover possession of a sewing machine detained by defendant, a boarding house keeper, under a claim of lien thereon for the amount of an unpaid board bill incurred by one Barnes. The machine was leased to Barnes under an agreement or contract of conditional sale that title should remain in one Fiske until full payment of the purchase price. Barnes defaulted, and Fiske became entitled to the possession of the machine under the agreement. After such default, Barnes moved the machine to the premises of the defendant, and became a boarder, and, as such, incurred a liability to the defendant for board; and the question for decision in the case was whether the defendant had a lien on the machine as against the true owner. It was held that the lien law (Laws 1897, p. 532, c. 418, § 71, as amended by Laws 1899, p. 834, c. 380) gives a boarding house keeper no lien upon property brought upon his premises by a boarder, nor any right to detain it for board, where the legal rights to both the title and possession of the property were then in another; and this because the true owner cannot, under the Constitution, be divested of his property except by due process of law. The reasoning of this opinion seems to me to be sound, and the application of the principles there announced to the facts in this case leads logically to the view which I entertain that a construction of section 71 of the lien law, which would deprive the plaintiff of its right and title to the piano in dispute, would be unconstitutional. I think, therefore, that the judgment should be for the plaintiff.

PATTERSON, J., concurs.