## M. E. Vigeant, Defendant in Error, v. Thomas E. Nelson, Plaintiff in Error.

### Gen. No. 13,751.

1. INN-KEEPERS—*who not guest.* One who contracts, even with an inn-keeper, for a stay by the week, at a fixed price, is not a guest but a boarder.

2. INN-KEEPERS—*when not insurers against loss of baggage.* An inn-keeper is not an insurer against loss of baggage by theft or otherwise unless the owner of such baggage be a guest, as distinguished from a mere boarder.

3. BAILMENTS—*when printed notice enters into implied contract.* A printed notice as follows: "Baggage or wearing apparel left for storage will receive careful attention, at owner's risk," contained upon large cards posted in the halls and rooms of a hotel or boarding house, enters into an implied contract of bailment arising from the storing of baggage in such hotel or boarding house.

4. BAILMENTS—*when bailee for hire not liable for theft of baggage.* A hotel or boarding house keeper becoming a bailee for hire, is not liable for the theft of baggage by his servant where he had no knowledge, means of knowledge or grounds of suspicion of the bad character of such servant.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 20, 1908.

JAMES R. GLASS, for plaintiff in error.

LOUIS BRANDES, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The defendant in error in this cause sued the plaint-

iff in error in the Municipal Court in Chicago for an unpaid bill for the board and lodging of the plaintiff in error and wife for three weeks at the rate of $22 per week.   There was no denial by the plaintiff in error that this bill was due and unpaid to the defendant in error, but he set up a counter-claim for the value of certain wearing apparel and books of the value, as he claimed, of $344, which during his stay at the house of the defendant in error disappeared from a steamer trunk of the plaintiff in error which he carried with him when he went there, and which had been placed in a storage room in the basement.

The court below found the issues for the defendant in error, giving judgment for $66, and refusing to allow the counter-claim or any part thereof.   The plaintiff in error thereupon sued out the present writ of error.

The court made a statement of facts, in which were the findings: ''That on the twenty-first day of January, A. D. 1907, the plaintiff, M. E. Vigeant, was and ever since has continued conducting a family hotel at No. 16 Astor street in Chicago, known as the Maison du Nord; that while the defendant, Thomas E. Nelson, continued to live at said hotel aforesaid, a trunk belonging to him was delivered to the plaintiff, and with its contents was received by the plaintiff, who assumed the care and custody thereof; that while in the custody of the plaintiff the contents of said trunk were by some means not fully explained lost, stolen or destroyed, and that upon the trial the case was argued by counsel for both parties on the theory that the goods were stolen by the plaintiff's servant.''

The main question at issue between the parties was whether, when the goods in question were lost, the technical relation of innkeeper and guest so existed between them as to make the defendant in error an insurer of the goods of the plaintiff in error.

On this question the court below found for the defendant in error—and we think rightly.

Although the Maison du Nord was advertised as a

"hotel," it was plainly from the evidence of that variety of boarding houses known as "family hotels," and not an "inn," in the technical sense, for the accommodation of transient guests. Nor was the plaintiff in error such a guest. He had contracted for a stay by the week at a fixed price, and it has been frequently held that if a boarder enter into a contract, even with an innkeeper, for such a fixed period, at a stipulated price, he ceases to be a guest and becomes a boarder. Between a boarder and the keeper of the place, be it hotel or boarding house, where he boards, there is no such relation as makes the latter an insurer of his goods against loss by theft or otherwise. Cromwell v. Stephens, 2 Daly (N. Y.) 23; Hall v. Pike, 100 Mass. 497; Neal v. Wilcox, 4 Jones Law. (N. C.) 148; Steward v. McCready, 24 How. Pr. Rep. 62; Lawrence v. Howard, 1 Utah 142.

Plaintiff in error, however, claims that in this case the defendant in error is liable as a bailee for hire, irrespective of her character as innkeeper, because as a part of the contract between her and the plaintiff in error the trunk in question was taken in charge and stored by her. But it appears that large cards are posted in the hallways and rooms of the house that "Baggage or wearing apparel left for storage will receive careful attention *at owner's risk.*" It may be properly presumed that this notice entered into any implied contract on the reception of the trunk for storage.

The cases of Cumins et al. v. Wood, 44 Ill. 416, and Bennett v. O'Brien, 37 Ill. 250, cited by plaintiff in error, were very different in their facts, and are not applicable to a case like this. Holder v. Toulby, 98 English Common Law Rep. 254 (8 C. B. (J. Scott) N. S. 254.)

There was no evidence of negligence on the part of the defendant in error, either in the care of the trunk or in the employment of servants. There was evidence, not that a porter had been "a convicted thief," as

counsel for plaintiff in error suggests, but that he actually was a thief and stole the goods in question, together with some belonging to the defendant in error, and was properly punished therefor.  But there is no reason to suppose that defendant in error had any knowledge, means of knowledge, or grounds of suspicion of his bad character when she employed him.

The judgment of the Municipal Court is affirmed.

*Affirmed.*