Candace E. Gray, Defendant in Error, v. Drexel Arms Hotel, Plaintiff in Error.

Gen. No. 14,373.

1. INNS AND INN-KEEPERS—*what does not establish status as guest. Held,* that the evidence in this case failed to show the relation of guest and inn-keeper but, upon the other hand, established the status of the plaintiff as a lodger.

2. BAILMENTS—*obligation of lodging house keeper.* A lodging house keeper is only held to the use of ordinary care in relation to property of a lodger left in her room during her absence from the lodging house.

Trover. Error to the Municipal Court of Chicago; the Hon. F. L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and judgment in this court. Opinion filed February 16, 1909.

WILL C. MOODY, for plaintiff in error.

No appearance by defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

By this writ of error the record of the Municipal Court of Chicago in an action brought by Candace E. Gray against the Drexel Arms Hotel, defendant, in which she recovered a judgment against the defendant for $50, is brought before us for review.

It appears from the record that the defendant, a corporation organized under the laws of the State of Illinois, is operating a hotel in the city of Chicago. The plaintiff testified that in April, 1907, she registered at the hotel and secured a room which she occupied at a weekly rental until some time in August, 1907, when she moved from that room to room No. 217, on the third floor of the hotel, which she occupied at a weekly rental thereafter until and at the time of the trial of the cause. She left the room the night of September 17, 1907, and gave her key to the clerk, remarking that she would be gone several days, and left the hotel. She was absent about three weeks. The room was reserved for her during her absence and she paid for the room during the entire period of her absence.

Upon entering the room on her return she found that some of her personal effects which she had left in the closet had been disturbed. She soon thereafter went to the office of the hotel and stated to the clerk

that a gun and a tailor made suit, which she said were in the closet when she went away, were missing.

The plaintiff testified on cross-examination that the Drexel Arms Hotel was her only place of residence from the time she first registered there, and that she considered it her home.

The value of the articles claimed to have been lost was shown by plaintiff's evidence.

On behalf of the defendant the plan of the hotel was shown and the evidence tends to show that due care was exercised in regard to the character, habits, qualifications and integrity of its servants; that the room had no outside approach and could only be reached by the stairway or elevator inside the hotel; that clerks were on watch at all times, day and night; that during the plaintiff's absence from the hotel the plaintiff's room was reserved for her and had not been rented to or occupied by any other person or persons, and the defendant exercised the same care of the property of the plaintiff that it exercised regarding its own property.

In our opinion the evidence establishes the relation between the plaintiff and defendant as that of boarder and boarding house keeper or lodger and lodging house keeper, and that the relation of guest and innkeeper did not exist. Hale on Bailments and Carriers, 267, 272; Clifford v. Stafford, 145 Ill. App. 247, and authorities there cited.

Such being the relation of the parties there was, at most, only a bailment of the property for mutual benefit, and the defendant could only be held to the use of ordinary care in relation to the property of the plaintiff left in her room during her absence from the hotel. Cooley on Torts, pp. 761, 762; Hale on Bailments and Carriers, 242.

There is no evidence in the record of negligence on the part of the defendant, plaintiff in error, either in the care of the room or the property therein during

CHICAGO—FIRST DISTRICT—FEBRUARY, 1909. 607

the absence of the plaintiff or in the employment of its servants.

The judgment of the Municipal Court is reversed and judgment for the defendant, plaintiff in error, is entered in this court.

*Reversed and judgment in this court.*