## MATTHEWS v. VICTOR HOTEL CO.

### (Supreme Court, Appellate Term.   December 22, 1911.)

1. CHATTEL MORTGAGES (§ 138*)—LIEN—PRIORITY OF INNKEEPER'S LIEN.

Under Lien Law (Consol. Laws 1909, c. 33) § 181, providing that an innkeeper has a lien upon the property brought upon his premises by a guest, an innkeeper has a lien upon a chattel brought to his premises by a guest, superior to that of a mortgagee of the chattel, even though the mortgage was due when the chattel was brought to the hotel, for until taken by the mortgagee the owner of the chattel was entitled to possession as bailee for the mortgagee.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228–236;  Dec. Dig. § 138.*]

2. CHATTEL MORTGAGES (§ 159*)—RIGHT TO POSSESSION.

Upon the execution of a chattel mortgage, the legal title to a chattel vests in the mortgagee, but the right to possession remains in the mortgagor until default, when it vests in the mortgagee; the mortgagor being a mere naked bailee with the right of redemption.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 272–281;  Dec. Dig. § 159.*]

3. CHATTEL MORTGAGES (§ 197*)—FILING—NOTICE.

Chattel Mortgage Law (Consol. Laws 1909, c. 33) § 230, providing that where there is no change of possession the mortgage shall be void as to creditors, purchasers, and subsequent mortgagees in good faith, unless filed, does not apply to the lien of an innkeeper under Lien Law (Consol. Laws 1909, c. 33) § 181, so as to make the filing of the mortgage constructive notice.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 430–433;  Dec. Dig. § 197.*]

4. INNKEEPERS (§ 13*)—LIEN—NOTICE—STATUTES.

Lien Law (Consol. Laws 1909, c. 33) § 181, providing that an innkeeper shall have no lien upon property brought to his hotel by a guest, if he knew that the property was not legally in the possession of such guest, or had notice that it did not belong to the guest, requires actual notice to the innkeeper, for words must be construed in their natural meaning, so that the idea of constructive notice cannot be ingrafted on the statute.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 42–46;  Dec. Dig. § 13.*]

5. INNKEEPERS (§ 13*)—LIEN—NOTICE—STATUTE.

Lien Law (Consol. Laws 1909, c. 33) § 181, provides that an innkeeper shall have no lien upon property brought on his premises by a guest if he knew that the property was not legally in the possession of the guest, or had notice that it did not belong to him; the provision as to notice having been added as an amendment.  Held, despite the amendment, actual notice that the property did not belong to the guest was required to defeat the lien.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 42–46;  Dec. Dig. § 13.*]

6. APPEAL AND ERROR (§ 709*)—REVIEW—RECORD—QUESTIONS PRESENTED FOR REVIEW.

An appeal from an order denying a motion to review the taxation of costs and disallow the same will not be reviewed where the bill of costs is not in the record and no mention is made of the point in the briefs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2949;  Dec. Dig. § 709;*  Costs, Cent. Dig. § 813.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Franklin Matthews against the Victor Hotel Company. From a judgment for defendant and an order denying his motion for new trial, plaintiff appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Roger Lewis, for appellant.

Abraham S. Weltfisch, for respondent.

PENDLETON, J. The action is in replevin by a chattel mortgagee against defendant, a hotel keeper, and involves the question as to an innkeeper's lien on property brought to the hotel by a guest as against the holder of a chattel mortgage. The piano, the property in question, was the property of the mortgagor and was brought to the hotel before the execution of the mortgage. Thereafter and after the execution and filing of the mortgage and the maturity thereof and default, and while the mortgagor, the guest, was still in possession of the piano, the defendant acquired the hotel and became the proprietor or innkeeper, and thereafter the indebtedness of the mortgagor, the guest, to the defendant arose. There is nothing to show that the defendant acquired by assignment or otherwise the rights as innkeeper of his predecessor in the ownership of the hotel, and the question therefore resolves itself to this, viz.: Where a guest brings to a hotel property subject to an existing chattel mortgage in default, does the innkeeper's lien attach to the property, in the absence of actual notice to the innkeeper of the existence of the mortgage?

[1-2] Section 181 of the Lien Law is as follows:

"A keeper of a hotel * * * has a lien upon while in his possession and may detain the baggage and other property brought upon his premises by a guest, boarder or lodger for the proper charges due from him on account of his accommodation, board and lodging and such extras as are furnished at his request. If the keeper of such hotel * * * knew that the property brought upon his premises was not, when brought, legally in the possession of such guest, boarder or lodger, or had notice that such property was not then the property of such guest, boarder or lodger, a lien thereon does not exist."

By the execution of the mortgage the legal title to the property was vested in the mortgagee; the right to possession, until default, remained in the mortgagor. On default the right to possession vested in the mortgagee, and the mortgagor became a mere naked bailee with the right of redemption. Fuller v. Acker, 1 Hill, 475; Hersee v. Porter, 100 N. Y. 403, 3 N. E. 338.

In the case of Waters & Co. v. Gerard, 106 App. Div. 431, 94 N. Y. Supp. 702, affirmed 189 N. Y. 302, 82 N. E. 143, 24 L. R. A. (N. S.) 958, 121 Am. St. Rep. 886, it was held that the innkeeper's lien extended to property brought into the hotel by the guest where such property was the subject of a conditional sale, which provided that title should remain in the vendor until fully paid for and that the vendee's (the guest's) right to possession should cease on default in payment of any of the installments of the purchase price. For a full discussion of the authorities, see the opinions in the Appellate Division and the Court of Appeals in that case. The title of a chattel

mortgagee is certainly no better than that of a vendor under such a conditional sale. There is, however, this difference between that case and the one at bar: There the default by the vendee did not occur until *after* the indebtedness to the innkeeper accrued, whereas here the mortgage debt had matured and been defaulted on *before* the relation of guest and innkeeper came into existence. The difference is not material, however. The essential point of the decision in Waters & Co. v. Gerard, 106 App. Div. 431, 94 N. Y. Supp. 702, and Id., 189 N. Y. 302, 82 N. E. 143, 24 L. R. A. (N. S.) 958, 121 Am. St. Rep. 886, was that, where the guest was in rightful possession the lien attached and as above pointed out while the mortgagee after default is entitled to possession, until taken, the mortgagor is a bailee, and its possession is not tortious or unlawful, and one of the citations in the Court of Appeals opinion was of a bailee.

While the actual decision in Waters v. Gerard was limited to cases where the guest was in rightful possession, the authorities cited go much further and hold that the lien exists against the true owner even where the property has been stolen. It is not necessary, however, for the present case to go beyond the actual decision made. In Bauman v. Post (Com. Pl.) 12 N. Y. Supp. 213, cited by appellant, it was held that the claim of a chattel mortgagee where the mortgagor had made default was superior to the claim of a lien by a warehouseman; but that there was a difference in the case of an innkeeper's or common carrier's lien was distinctly pointed out. In Soltau v. Gerdau, 119 N. Y. 380, 23 N. E. 864, 16 Am. St. Rep. 843, it was held that where the property had been stolen a factor's lien could not be sustained. This decision was put upon the ground that an intentional parting with the property, by the owner, was necessary in the case of a factor's lien, and where feloniously secured the parting was not intentional. Barnett v. Walker, 39 Misc. Rep. 323, 79 N. Y. Supp. 859, was the case of a boarding house keeper. There the property had been the subject of a conditional sale by the terms of which the title remained in the vendor until final payment. After default by the vendee and demand by the vendor, the vendee brought the property to the premises of the defendant, the boarding house keeper. It was held that both the legal title and the right to possession were in the vendor: that no lien thereon existed; that the lien of a boarding house keeper, unlike an innkeeper's lien, did not exist at common law, but was the creature of statute, and, if construed so as to deprive the real owner of his property, would be unconstitutional. This case was relied on by the justice writing the dissenting opinion in Waters & Co. v. Gerard, 106 App. Div. 431, 94 N. Y. Supp. 702. The prevailing opinion was, however, unanimously affirmed by the Court of Appeals. For the above several reasons these cases are not applicable on the question now presented.

[3] The appellant claims, however, that, even conceding that the innkeeper's lien would be superior in the absence of notice of the existence of the mortgage, the chattel mortgage having been filed is constructive notice, and that therefore, although no actual notice was shown, the case comes under the latter clause of the lien law, above

quoted, which provides that, where the innkeeper had notice that the property was not the property of the guest, the lien does not exist. While it is often said that under the chattel mortgage law the filing of the mortgage is constructive notice, this form of expression is inaccurate and misleading.    The statute (Consol. Laws 1909, c. 33, § 230) provides only that a chattel mortgage, not filed where there is no change of possession, is void as to creditors, purchasers, and subsequent mortgagees in good faith, and its provisions are solely and expressly applicable only to these classes.    An innkeeper claiming a lien has rights that are not within this category, either in letter or spirit. The statute applies to rights founded on the intention or acts of the parties, while the innkeeper's lien is created by law on reasons of public policy, so that, even if it could be said that the statute makes the filing of the mortgage constructive notice to creditors, purchasers, and subsequent mortgagees, it would not apply to an innkeeper's lien.

[4] There is nothing in the innkeeper's lien law to indicate that any other than actual notice was intended.    Words must be construed according to their natural meaning (People ex rel. Smith v. Gilon, 66 App. Div. 27, 72 N. Y. Supp. 1041; People ex rel. Kemp v. D'Oench, 111 N. Y. 361, 18 N. E. 862; Tompkins v. Hunter, 149 N. Y. 117, 43 N. E. 532) and where the statute provides that if the innkeeper had notice, etc., the lien does not exist, its natural and obvious meaning is that notice or information has been brought home to the mind of the person referred to.    The claim here is made that when it says *notice* it means *notice or the means of acquiring notice* by the filing of a paper.    This would be to incorporate an entirely new element into the statute.    Two instances are cited in appellant's brief, in which the word *actual* notice has been used in certain statutes, and it is argued from that fact that when the word *notice* alone is used it should be construed to include something more than actual notice.    These were two city charters, wherein it was provided that the municipality should not be liable for injuries sustained by persons falling by reason of ice and snow upon the sidewalks unless a reasonable time had elapsed after actual notice to certain officials of their dangerous condition.    The reason for using the words "actual notice," in those particular instances, as pointed out in the case of McNally v. City of Cohoes, 127 N. Y. 350, 27 N. E. 1043, was that it had been previously held constructive notice to the municipality was alone sufficient and the Legislature evidently intended to change this and require *actual notice to certain designated officials.*

[5] It is argued by appellant that the fact that the clause in regard to notice was a later amendment to the statute, and that as originally drawn it contained only the provisions as to the hotel keeper's knowing that the property brought upon his premises was not legally in possession of the guest, indicated that the notice referred to was intended as a still further restriction of the lien, and therefore should be considered as meaning constructive as well as actual notice.    It may equally as well be said that the purpose of the amendment was to provide, in addition to actual knowledge, notice or information—that is, something less than knowledge—should be sufficient to defeat the lien. No case upon the precise point has been found; but a perusal of the

authorities, in which this lien has been discussed, and a consideration of the purposes intended to be thereby accomplished and the special circumstances under which it has grown into law, is convincing that the notice intended was *actual* notice.

[6] An appeal was taken from an order denying the motion to review the taxation of costs and disallow the same. The bill of costs is not in the record. No reason for the motion appears except a statement in the affidavit that appellant objected to defendant's right to costs, and no mention is made of the point in the briefs.

Judgment and orders affirmed, with costs and disbursements. All concur.