## Nannie E. Miles, Appellee, v. International Hotel Company, Appellant.

## Gen. No. 16,107.

1. INNS AND INNKEEPERS—*when common law liability does not exist.* An innkeeper is not an insurer of the safety of baggage if the relation of innkeeper and guest is not established.

2. BAILMENTS—*care required of gratuitous.* A mere gratuitous bailee of property is bound to take reasonable care to protect it from loss or damage, that is, such "care as men of common prudence usually bestow for the protection of their own property of a similar character."

3. BAILMENTS—*when prima facie established.* In any contract of bailment upon proof by the bailor that he placed property in the hands of the bailee and that the same was not returned upon demand the law presumes negligence on the part of the bailee and imposes on him the burden of showing that he exercised such care with respect to the property as was required.

4. BAILMENTS—*what competent to rebut presumption of negligence.* *Held,* that it was competent for the bailee to show that the several employees who were entrusted with the property alleged to have been lost were competent and were so considered by the bailee when he employed them.

Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed February 14, 1912.

A. G. DICUS, for appellant.

JACOB J. KERN and JOHN A. BROWN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover the value of a trunk and contents alleged to have been accepted for storage by appellant, as a bailee, and thereafter lost. A trial by jury in the Circuit

Court resulted in a verdict and judgment against appellant for $625.

On November 30, 1904, appellee registered as a boarder at the hotel conducted by appellant and was assigned to a room for which she paid $7 a week, and which she occupied until May 30, 1905, when she paid for said room in full, and left the hotel. Upon a printed notice, posted by appellant in the room occupied by appellee, appeared the following: "All baggage and property of guests left with us for storage will receive our best attention, for which no charge will be made, but in case of accident by fire or water or damage of any kind it will be at the risk of the owner." Appellee testified that as she was about to leave the hotel she asked the housekeeper if the latter would see that her trunk was properly cared for, and that the housekeeper told her to call the head porter; that she asked a bell boy to inquire at the office whether there would be any charges for her trunk, and that after an absence the bell boy returned and told her the clerk said, "He would be glad to take care of it for you;" that she then left her trunk and a parrot cage in the room and went to Indianapolis; that upon her return to the hotel about six months thereafter, she asked the clerk to have her trunk sent up to her room; that the officers and servants of appellant reported that the parrot cage was in the baggage room or store room, but the trunk could not be found. The trunk, if received by appellant, was never returned by it to appellee.

There is an intimation by counsel for appellant, in the repeated use by them of the expression "pretended trunk," that appellee never had a trunk in the hotel, but two of appellant's own witnesses, who were employed in the hotel as housekeeper and linen woman, respectively, during the time appellee occupied a room there, testified that they frequently saw a trunk in her room.

Appellant was not an insurer of the safety of the trunk, because the relation of innkeeper and guest did not exist between it and appellee. Appellee was a mere lodger or boarder. Vigeant v. Nelson, 140 Ill. App. 644.

Liability, if any, in this case, must arise out of the contract of bailment.

A mere gratuitous bailee of property is bound to take reasonable care to protect it from loss or damage. That is, such "care as men of common prudence usually bestow for the protection of their own property of a similar character." Preston v. Prather, 137 U. S. 604; Gray v. Merriam, 148 Ill. 179. In Story on Bailments, sec. 62, it is aptly said, "and what is reasonable care must materially depend upon the nature, value and quality of the thing, the circumstances under which it is deposited, and sometimes upon the character and confidence and particular dealings of the parties."

In the case at bar the contract of bailment, if one existed, was evidently entered into, in part at least, as an inducement to appellee to return to appellant's hotel as a boarder, whereby a benefit would accrue to appellant. Furthermore, as was held in Vigeant v. Nelson, *supra,* the notice which was posted by appellant in appellee's room may properly be presumed to have entered into the contract for the storage of the trunk. This notice informed appellee that property left with appellant for storage would receive its "best attention," which attention could not mean less than ordinary care.

In the third instruction offered by appellant and given to the jury, it expressly recognizes its obligation to exercise reasonable care with respect to the trunk.

In any contract of bailment, upon proof by the bailor that he placed property in the hands of the bailee, and that the same was not returned upon demand, the law presumes negligence on the part of the bailee and im-

poses on him the burden of showing that he exercised such care with respect to the property as was required. Cumins v. Wood, 44 Ill. 416; Funkhouser v. Wagner, 62 Ill. 59.

Appellant, upon the trial, sought to show that the porter, night-watchman and baggage room keeper employed by it were competent employes, and that they were considered by appellant to be competent, when they were employed, but upon the objection of appellee that such proof was incompetent, irrelevant, immaterial and not binding on appellee, appellant was not permitted to make the proof. As tending to rebut the presumption of negligence arising from the *prima facie* case made by appellee, the proof offered by appellant was competent, and the ruling of the trial court was prejudicially erroneous. Evidence of like character was admitted and considered by the court in Gray v. Drexel Arms Hotel, 146 Ill. App. 604. See also Gray v. Merriam, *supra*.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*