540

Edward Coulson, Appellee, v. Wenzel Hotels, Inc.,
Appellant.

Gen. No. 32,332.

Opinion filed May 2, 1928.

SYLVANUS GEORGE LEVY, for appellant; EDGAR BERN-
HARD, of counsel.

JOHN A. BLAKE and ARTHUR ABRAHAM, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

This is a suit between plaintiff, who claimed to be a guest at the Berkshire Hotel, and defendant, proprietor of that hotel owned and operated by the Wenzel Hotels, Inc., for the loss of certain wearing apparel valued in his statement of claim at $577.50. The claim is grounded upon the contention that the wearing apparel was lost from the room of the plaintiff through the negligence of defendant. Defendant denies that the relation of guest and innkeeper at the time of the loss of plaintiff's wearing apparel existed between them, and, on the other hand, defendant contended on the trial that plaintiff was not a guest but a permanent lodger in the hotel.

As there must be a reversal of the judgment and a new trial awarded for procedural errors and unjudicial conduct of the trial judge, we do not decide the facts of the case, but leave such decision to the court on the next trial of the case.

There was a trial before court and jury with a verdict in favor of the plaintiff, and an assessment of damages at the sum of $502, upon which the trial court entered a judgment, to reverse which judgment defendant assigns for error and argues for reversal the refusal of the court to admit evidence proffered by defendant in an effort to show that plaintiff was a "lodger" and not a "guest," and also the refusal of the court to receive evidence proffered by defendant in an attempt to prove that defendant was not negligent, and for improper, prejudicial remarks made by the trial judge on the trial of the cause in the presence and hearing of the jury.

The crucial question involved in this trial, as raised by the pleadings, was whether or not plaintiff was a lodger or a guest. Whichever plaintiff was is a matter of pertinent and necessary inquiry from the witnesses testifying in the cause. As the relationship of the parties, as demonstrated by the evidence, fixed the liability of defendant, it was very material that evidence

proffered, bearing upon such questions, should have been admitted in evidence by the court, and not excluded, as the court persistently did.

The rule regarding the difference is well stated in *Vigeant v. Nelson,* 140 Ill. App. 644, where the court said:

"Nor was the plaintiff in error such a guest. He had contracted for a stay by the week at a fixed price, and it has been frequently held that if a boarder enter into a contract, even with an innkeeper, for such a fixed period, at a stipulated price, he ceases to be a guest and becomes a boarder. Between a boarder and the keeper of the place, be it hotel or boarding house, where he boards, there is no such relation as makes the latter an insurer of his goods against loss by theft or otherwise."

And in *Gray v. Drexel Arms Hotel,* 146 Ill. App. 604, it was said:

"The plaintiff testified on cross-examination that the Drexel Arms Hotel was her only place of residence from the time she first registered there, and that she considered it her home. * * *

"In our opinion the evidence establishes the relation between the plaintiff and defendant as that of boarder and boarding house keeper or lodger and lodging house keeper, and that the relation of guest and innkeeper did not exist. Hale on Bailments and Carriers, 267, 272; *Clifford v. Stafford,* 145 Ill. App. 247, and authorities there cited.

"Such being the relation of the parties there was, at most, only a bailment of the property for mutual benefit, and the defendant could only be held to the use of ordinary care in relation to the property of the plaintiff left in her room during her absence from the hotel. Cooley on Torts, pp. 761, 762; Hale on Bailments and Carriers, 242."

The foregoing statements of the law are recited for the purpose of showing how erroneous the trial judge

acted in refusing evidence on the question as to whether plaintiff was a lodger or a guest.

Counsel for defendant asked many questions of his witnesses in an attempt to prove his contention that plaintiff was a lodger and not a guest, to every one of which an objection made by plaintiff was sustained, and there are pages of questions found in the record on this point, which the court excluded.

The court also made prejudicial remarks in the hearing of the jury. Some of those prejudicial remarks are the following:

"The Court: It don't make any difference. The man was there as a guest, no matter whether he was going to stay a month or a day. The hotel don't change its character about the nature of a guest, the way they register. Proceed. If I am wrong let the Appellate Court reverse me."

The foregoing was an improper statement of the law, which prejudiced defendant materially. Again the court said:

"Is there any denial that this was a regular hotel, that accepted guests of all kinds? Is there any denial that anyone could not go there at any time and register and be given a room?"

Then follows this colloquy between court and counsel:

Counsel for defendant: "Well, any residential hotel that would—

"The Court: You accepted transient?" to which counsel replied: "Yes, sir. I do not think this is a question for argument before a jury." And the court retorted: "You leave the implication here that this was not a hotel. I understand it was a hotel."

Those remarks were certainly most prejudicial to the defense which defendant rightfully endeavored to interpose, because it had a tendency to lead the jury to believe that when a man registered at a hotel he was a guest, whereas it was a question of fact to be proven

whether he was a guest or a lodger, in order to fix the responsibility of the hotel defendant. The court then made this remark:

"Mr. Bernhard, are they suing your client as the Berkshire Hotel Company, or are they suing the Wenzel Hotels, Incorporated, the owners of all these eight hotels?" to which Mr. Bernhard answered: "I object to such a remark before the jury."

The objection was well taken. The court should not have made such a remark. The effect was prejudicial and the remarks of the court were entirely uncalled for.

When a witness answered that the plaintiff arrived at the hotel after the robbery took place, checked out and came back, a subsequent arrival at the hotel, the court said: "That does not make any difference. Objection sustained."

The prejudicial conduct of the judge was made glaringly manifest, because he said "Objection sustained" when no objection had been interposed. Other remarks of the court were upon a similar line. These remarks of the trial judge were uncalled for, highly detrimental to the rights of the defendant, and were calculated to impress upon the jury that the judge was exerting himself in the interest of the plaintiff.

For the erroneous rulings of the court found in the record, the intemperate and improper remarks of the court appearing in the record, and some of which are above recited, the judgment of the municipal court is reversed and the cause is remanded for a new trial in accordance with the law and judicial precedent.

*Reversed and remanded.*

TAYLOR, P. J., and WILSON, J., concur.