## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

W. T. Grant Co.

v.

Eugene Martin et al.

June 30, 1972

Case No. (Law) 1459

By JUDGE EDWARD L. RYAN, JR.

Defendant Eugene Martin (Martin) purchased a television set from plaintiff pursuant to a conditional sales contract, which, of course, reserved title and security interest in the plaintiff. Thereupon, Martin moved his personal belongings and the television set into a motel owned and operated by the defendants Beachland Enterprises, Inc., and John P. Wyatt. After a residency of several months, Martin left the motel indebted to the owners in the sum of several hundred dollars for rentals and other services rendered him. The owners impounded the television set and now retain possession thereof under a claimed innkeeper's lien. Code of Virginia, § 43-31. Plaintiff brings this action in detinue for the return of the property, contending that their prior lien has priority over the innkeeper's lien.

The defendant owners cite case law and other authorities in support of their contention that their lien has priority as to *any and all* property brought to their premises by the guest regardless of the fact that title resides in a third person, and even if it had been stolen property. *Horace Waters & Co.* v. *Gerard*, 82 N.E. 143 (N.Y. 1907); *Matthews* v. *Victor Hotel Co.*, 132 N.Y.S. 375 (1911); 40 Am. Jur. 2d, *Hotels, Motels, Etc.*, § 192; and 14 C.J.S., *Chattel Mortgages*, § 302.

Section 8.9-310 of Virginia's Uniform Commercial Code ("Priority of certain liens arising by operation

of law") has been cited to the court, but it appears that this section has no application here as it relates to a person who "furnishes services or materials with respect to goods subject to a security interest." Obviously, in renting a motel room to Martin the owners furnished no services to or materials for the secured property. Code Section 43-31 does have direct application and is as follows:

> Every innkeeper. . . shall have a lien upon, and may retain possession of, *the baggage and other property of his guest*. . . brought upon his premises, and *also* upon the *property* of the *employer of such guest*. . . *brought upon the premises* by such guest. . . *in the course of his employment*, for the proper charge due from such guest for his board and lodging. (Italics added.)

In the authorities cited by defendant owners in support of the extremely broad lien rights of innkeepers there is found the provisional language that the rights exist "in the absence of a statute changing the rule," and modifying the common law principles. From this the plaintiff contends that the General Assembly in Code Section 43-31 has restricted the lien to two types of property, i.e. (1) that actually owned by the guest, and (2) that owned by the guest's employer and while the guest is acting in the course of his employment.

In the above New York cases cited by the defendant owners the statute speaks of "the baggage and other property brought upon their premises by a guest." Is this broader and more comprehensive language than the Virginia statute's "the baggage and other property of his guest"? Stated another way, does the language of the Virginia statute carry the meaning or import that it covers only property actually owned by the guest? "Property" is defined as follows:

> That which is peculiar or proper to any person; that which belongs exclusively to one; in the strict legal sense, an aggregate of rights which are guaranteed and protected by the government. . .

More specifically, property is ownership; the unrestricted and exclusive right to a thing; the right to dispose of a thing in every legal way, to possess it, to use it, and to exclude every one else from interfering with it. . .

Property is the highest right a man can have to anything; being used for that right which one has to lands or tenements, goods or chattels, which no way depends on another man's courtesy. *Black's Law Dictionary*, 3d ed., pp. 1446, 1447.

The court construes that "other property *of* his guest" means property owned by the guest. In speaking of "property brought upon the premises by a guest" the New York statute is broader and covers both owned and non-owned property. Further, the Virginia statute in speaking of the property of the guest's employer shows that the legislature contemplated that traveling salesmen and other businessmen might bring such property to the premises, but in doing so it restricted the lien to the two classes of property as urged by the plaintiff.

Counsel for plaintiff may present a judgment order for entry, saving unto defendants their exceptions.